**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

MAY 0 8 2019

JAMES W. McCORMACK, CLERK
By: _____
　　　　　　　　　　　　　DEP CLERK

LINDSEY HUFF AND CHRIS HUFF                                          PLAINTIFFS

V.                              NO. 4:19-cv-337-BRW

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                   DEFENDANT

## NOTICE OF REMOVAL

COMES NOW the Defendant, Allstate Property and Casualty Insurance Company, by
and through its attorneys, Barber Law Firm PLLC, and makes this Notice of Removal, stating:

1.　　　　That, on or about April 5, 2019, an action was commenced in the Circuit Court of
Pulaski County, Arkansas, styled *Lindsey Huff and Chris Huff v. Allstate Property and Casualty
Insurance Company*, and was assigned docket number 60CV-19-2287; that, in compliance with
28 U.S.C. § 1446(a), true and correct copies of all known process and pleadings filed with the
Circuit Court Clerk are attached hereto and marked collectively as Exhibit "A";

2.　　　　That the above-described action is a civil action, which may be removed to this
Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, in that it is a civil
action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest
and costs, and is between citizens and entities of different states. 28 U.S.C. §1332(a);

3.　　　　That, for the foregoing reasons, this action is one in which this Court would have
original jurisdiction pursuant to 28 U.S.C. §1332;

4.　　　　That Defendant's Notice of Removal is being timely filed within thirty (30) days
of actual service of the Summons and Complaint;

This case assigned to District Judge *Wilson*
and to Magistrate Judge *Harris*

5.      That Plaintiffs, Lindsey Huff and Chris Huff, are residents of Vilonia, Faulkner County, Arkansas, for diversity purposes;

6.      That Defendant, Allstate Property and Casualty Insurance Company, is a foreign corporation organized under the laws of the State of Illinois and with its principal place of business in Northbrook, Illinois;

7.      That, in light of the above, complete diversity exists in this cause;

8.      That, in compliance with 28 U.S.C. § 1446(d), notice of this removal has been given to the Circuit Court of Pulaski County, Arkansas, as well as to Plaintiff, by the filing and service of a Notice of Removal, a copy of which is attached hereto as Exhibit "B";

9.      That this action, previously pending in the Circuit Court of Pulaski County, Arkansas, has been removed therefrom to this Court.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email:  ccunningham@barberlawfirm.com


BY:     */s/ J. Cotten Cunningham*
        J. Cotten Cunningham, AR BIN 97238

## Verification by J. Cotten Cunningham

I hereby state under oath that the statements set forth in the foregoing Petition are true and correct to the best of my knowledge, information and belief.

J. Cotten Cunningham

**STATE OF ARKANSAS**          )
                                                )ss.   **VERIFICATION**
**COUNTY OF** Pulaski          )

SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, on this, the 8th day of May, 2019.

NOTARY PUBLIC
My Commission Expires: August 18, 2023

```
SUSAN MINOR
PULASKI COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires August 18, 2023
Commission No. 12394878
```

3

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 8th day of May, 2019, a copy of the above and foregoing pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

andy@taylorlawfirm.com
Andrew M. Taylor, Esq.
tasha@taylorlawfirm.com
Tasha C. Taylor, Esq.
12921 Cantrell Road, Suite 205
Little Rock, Arkansas 72223


/s/ J. Cotten Cunningham
J. Cotten Cunningham

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LINDSEY HUFF AND CHRIS HUFF                                    PLAINTIFFS

V.

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                             DEFENDANT

# EXHIBIT A TO
# NOTICE OF REMOVAL

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Apr-05  10:00:29
60CV-19-2287
C06D12 : 44 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

**LINDSEY HUFF AND CHRIS HUFF**                                    **PLAINTIFFS**

vs.                              **CASE NO.** _____

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                                    **DEFENDANT**

### COMPLAINT

Come now the Plaintiffs, Lindsey Huff and Chris Huff, by and through their attorneys,

TAYLOR & TAYLOR LAW FIRM, P.A., and for their Complaint do state:

### JURISDICTION AND VENUE

1.     At all times relevant to this Complaint, Plaintiffs were residents of Vilonia,

Faulkner County, Arkansas, and were citizens of the State of Arkansas.

2.     At all times relevant to this Complaint, Defendant was an insurance company

authorized and doing business in Pulaski County, Arkansas.

3.     The facts and circumstances giving rise to this Complaint occurred in Faulkner

County, Arkansas.

4.     This Court has subject matter jurisdiction of this matter pursuant to Ark. Code

Ann. § 16-13-201(a).

5.     This Court has personal jurisdiction of the parties pursuant to Ark. Code Ann. §

16-4-101(B).

6.      Venue in this county is proper pursuant to Ark. Code Ann. § 16-60-101(a)(2)(B) (county in which defendant had principal place of business).

## FACTS

7.      On or about Decmber 29, 2016, Plaintiff Lindsey Huff was driving her vehicle westbound on US Highway 64 near the intersection of Sunny Gap Road.

8.      At the same time, Theresa Heffington (the "Tortfeasor") was driving her vehicle eastbound on US Highway 64.

9.      The Tortfeasor attempted to execute a lefthand turn into the Sunny Gap Exxon Store.

10.     The Tortfeasor failed to yield to oncoming traffic.

11.     As a result, Plaintiff Lindsey Huff's vehicle collided with the Tortfeasor's vehicle.

12.     Plaintiff Lindsey Huff's vehicle continued northwest and came to rest in a driveway.

13.     The Tortfeasor was negligent in the following ways:

      A.      Failure to yield to oncoming traffic in violation of Ark. Code Ann. § 27-51-502;

      B.      Driving too fast for conditions in violation of Ark. Code Ann. §27-51-201;

      C.      Reckless driving in such a manner as to show disregard for the safety of persons and property in violation of Ark. Code Ann. §27-50-308;

      D.      Careless and prohibited acts of driving in violation of Ark. Code Ann. §27-51-104, and other violations of applicable Arkansas traffic laws;

      E.      Failure to keep a proper lookout for other vehicles on the roadway;

F.     Failure to drive at a speed that was reasonable under the circumstances;

G.     Failure to keep the Tortfeasor's vehicle under proper control;

H.     Failure to use ordinary care to operate the Tortfeasor's vehicle in recognition of the Plaintiff's superior right to use the roadway; and

I.     Failure to otherwise use ordinary care under the circumstances at the time of the collision.

14.     As a direct result of this negligence, Plaintiff Lindsey Huff suffered the following injuries:

A.     Serious bodily injuries to Plaintiff Lindsey Huff's head, neck, back, chest, and other parts of Plaintiff's body, such injuries including a pulmonary contusion and atelectasis (collapsed lung);

B.     Medical expenses incurred in the past, and transportation expenses to obtain such medical treatment;

C.     Future medical expenses to be incurred, and transportation expenses to obtain such future medical treatment;

D.     Physical pain and disability experienced in the past;

E.     Physical pain and disability to be experienced in the future;

F.     Loss of income in the past;

G.     Loss of income in the future;

H.     Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

I.      Mental anguish experienced in the past, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limited her activities;

J.      Mental anguish to be experienced in the future, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limits her activities;

K.      Any scars, disfigurement, and visible results of her injury due to "residential limitation of motion;" *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968);

L.      The reasonable expense of any necessary help in Plaintiff's home in the past, and reasonably certain to be required in the future, as a result of Plaintiff's injuries; and

M.      Permanent bodily injuries that have been suffered, which is a life-changing event causing Plaintiff to lose the ability to enjoy a normal life.

15.      As a direct result of this negligence, Plaintiff Chris Huff, who was at all times relevant hereto the spouse of Plaintiff Lindsey Huff and as such lived and cohabited with her, has a separate claim for loss of consortium.

16.      At the time of the incident described hereinabove, Allstate Property and Casualty Insurance Company was a corporation registered and licensed to sell insurance in the State of Arkansas.

17.      Allstate Property and Casualty Insurance Company sold an insurance policy (policy number 945 291 169) (the "Policy") to Chris Huff.

18.      The Policy was in force at all times relevant to this litigation.

19.     The Policy provided coverage to Lindsey Huff.

20.     The Policy contained underinsured motorist coverage ("UIM Coverage").

21.     The UIM Coverage policy limits were $50,000.

22.     In order to comply with Arkansas Rule of Civil Procedure 10, Plaintiff has attached hereto a redacted copy of the policy declaration page (Exhibit A) and a sample policy provided by Defendant (Exhibit B).

23.     Plaintiffs reached a settlement with the Tortfeasor's insurance company for the policy limits of $25,000 (the "Settlement").

24.     Prior to settlement, Plaintiffs strictly complied with the requirements of Ark. Code Ann. § 23-89-209(c) and/or obtained consent from Allstate Property and Casualty Insurance Company to settle.

25.     Given the severity of Plaintiffs' injuries, the Settlement did not adequately compensate Plaintiffs.

26.     Therefore, on or about February 12, 2018, Plaintiffs demanded that Defendant tender the UIM Coverage limits.

27.     Defendant denied the demand and offered to settle for only $1,500.

28.     Further, Defendant has not tendered even that low amount, but has offered to pay $1,500 only if Plaintiffs release all claims against Defendant.

## **CAUSE OF ACTION #1 – BREACH OF CONTRACT**

29.     At the time of the wreck described hereinabove, Plaintiffs had in effect with Defendant the UIM Coverage with policy limits of $50,000.

30.     The UIM Coverage provided that in the event Plaintiffs should be involved in a wreck caused by the negligence of an underinsured motorist, the damages would be compensated in an amount not to exceed the UIM Coverage policy limits.

31.     As a direct and proximate result of the Tortfeasor's negligence, Plaintiffs have suffered injuries as stated hereinabove.

32.     Under the terms of the UIM Coverage, the Tortfeasor was an underinsured driver, in that the Tortfeasor only carried a policy of liability insurance with limits of $25,000 per person.

33.     This limit was insufficient to compensate Plaintiffs for their damages.

34.     Defendant has failed to comply with the terms of its own policy of insurance.

35.     There is no legal basis for Defendant's continuing failure to comply with the terms of the Policy.

## CAUSE OF ACTION #2 – BAD FAITH

36.     At all times relevant herein, Defendant had a duty and agreement to act in good faith and deal fairly with Plaintiffs when Defendant entered into a contractual agreement with them and accepted premium payments.

37.     Defendant thereby assumed a special relationship with, and fiduciary obligations to, Plaintiffs, and agreed to abide by its respective duties.

38.     Defendant intentionally breached these duties by engaging in dishonest, oppressive and malicious acts in an attempt to avoid liability under the UIM Coverage.

39.     Defendant engaged in dishonest, oppressive, and malicious conduct by, among other things, consciously disregarding or turning a blind eye to clear medical records and documentation in the claims file that Plaintiff Lindsey Huff had suffered head, neck, back, chest,

and other parts of Plaintiff's body, such injuries including a pulmonary contusion and atelectasis (collapsed lung).

40.     Defendant engaged in dishonest, oppressive, and malicious conduct by, among other things, forcing Plaintiffs to seek legal redress. By consciously disregarding or turning a blind eye to clear evidence, Defendant, knowing it had no legal justification for doing so, purposefully forced Plaintiffs to file this Complaint in order to obtain the insurance proceeds to which Plaintiffs are entitled.

41.     Defendant engaged in dishonest, oppressive, and malicious conduct by, among other things, setting out to collect the minimum facts it could find to issue a denial. Had Defendant conducted a competent investigation and review of medical records and bills, the UIM Coverage limits should have been tendered immediately.

42.     Defendant has engaged in, in the course of their dealing with Plaintiffs, a pattern of deception and unfair practices. This dishonest, oppressive, and malicious behavior constitutes bad faith under Arkansas law.

### AMOUNT OF DAMAGES
#### (FOR JURISDICTIONAL PURPOSES UNDER ARK. CODE ANN. § 16-63-221)

43.     Plaintiffs' injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases.

### DEMAND FOR TRIAL BY JURY

44.     Plaintiffs demand a trial by jury for all issues of fact presented by this action.

### RESERVATION OF ADDITIONAL CLAIMS

45.     Upon completion of discovery, Plaintiffs reserve the right to plead further to state additional claims and to name additional parties to this action.

### PRAYER FOR RELIEF

46.     Plaintiffs are entitled to recover all of the damages set forth hereinabove, all of which exceed the amount of the UIM Coverage limits.

47.     Plaintiffs are entitled to recover punitive damages against Defendant as a result of Defendant's dishonest, oppressive, or malicious conduct that amounts to bad faith under Arkansas law.

48.     With respect to Plaintiffs' breach of contract claim, Plaintiffs are entitled to attorney's fees, costs, a 12% penalty, and pre- and post-judgment interest pursuant to Ark. Code Ann. § 23-79-208.

49.     Plaintiffs are also entitled to attorney's fees pursuant to Ark. Code Ann. § 16-22-308 and costs pursuant to Ark. R. Civ. P. 54.

WHEREFORE, Plaintiffs pray for judgment against Defendant for the damages caused by Defendant's breaches described above, in an amount as set forth above, and for all other relief at law or equity to which Plaintiffs may be entitled.

Respectfully submitted,
LINDSEY HUFF AND CHRIS HUFF,
*Plaintiffs*

BY:  */s/ Andrew M. Taylor*
        TAYLOR & TAYLOR LAW FIRM, P.A.
        Andrew M. Taylor, Ark. Bar No. 2005147
        Tasha C. Taylor, Ark. Bar No. 2005148
        12921 Cantrell Road, Suite 205
        Little Rock, AR 72223
        Phone: (501) 246-8004
        Fax:    (501) 246-8009
        Email: Andy@TaylorLawFirm.com
                Tasha@TaylorLawFirm.com

        *Attorneys for Plaintiffs*



Hervey Insurance
1214 Hogan Ln #100
Conway AR 72034

Information as of October 4, 2016
Policyholder(s)                            **Page 1 of 2**
**Chris Huff**
Policy number
[REDACTED]

Your Allstate agency is
**Hervey Insurance**
(501) 336-0427
CHRISHERVEY@allstate.com

|ᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗ|
CHRIS HUFF
7 WHISPERING WIND CIR
VILONIA AR 72173-9502

## Continue enjoying great savings and safe driving rewards

We're pleased to offer to renew your automobile policy with Your Choice Auto® Gold Protection for another six months, so you can continue enjoying extra savings and safe driving rewards, including **Safe Driving Deductible Reward** and **Enhanced Accident Forgiveness**.†

**Renewing your policy is easy**—when you receive your bill, just send your payment by the due date. And if you're enrolled in Allstate® Easy Pay Plan, we'll send you your payment withdrawal schedule. (Not enrolled? Call your Allstate Agent to sign up!)

### How to contact us

Please give your Allstate Agent a call at (501) 336-0427 if you have any questions. It's our pleasure to keep you in good hands.

*† This is a brief description and not part of any contract of insurance. Guaranteed Renewal for Claims feature provides that policy will not be dropped just because of the number of claims filed. Features are optional and subject to terms and conditions.*

Sinc[REDACTED]

Steven P. Sorenson
**President, Allstate Property and Casualty Insurance Company**

RA733-2







## Your Insurance Coverage Checklist

We're happy to have you as an Allstate customer! This checklist outlines what's in this package and provides answers to some basic questions, as well as any "next steps" you may need to take.

☐ **What's in this package?**
See the guide below for the documents that are included. ***Next steps:*** review your *Policy Declarations* to confirm you have the coverages, coverage limits, premiums and savings that you requested and expected. Read any *Endorsements* or *Important Notices* to learn about new policy changes, topics of special interest, as well as required communications. Keep all of these documents with your other important insurance papers.

☐ **Am I getting all the discounts I should?**
Confirm with your Allstate Agent that you're benefiting from all the discounts you're eligible to receive.

☐ **What about my bill?**
Unless you've already paid your premium in full, we'll send your bill separately. ***Next steps:*** please pay the minimum amount by the due date listed on it.

You can also pay your bill online at allstate.com or by calling 1-800-ALLSTATE (1-800-255-7828). Para español, llamar al 1-800-979-4285. If you're enrolled in the Allstate® Easy Pay Plan, we'll send you a statement detailing your payment withdrawal schedule.

☐ **What if I have questions?**
You can either contact your Allstate Agent or call us 24/7 at 1-800-ALLSTATE (1-800-255-7828) – para español, llamar al 1-800-979-4285 – with questions about your coverage, or to update your coverages, limits, or deductibles. Or visit us online at allstate.com.

## A guide to your renewal package

   

**Proof of Insurance ID Cards**
Your insurance cards are legally required, so please keep them in your vehicle at all times.

**Policy Declarations\***
The Policy Declarations lists policy details, such as your specific drivers, vehicles and coverages.

**Important Notices**
We use these notices to call attention to particularly important coverages, policy changes and discounts.

**Insurance Made Simple**
Insurance seem complicated? Our online guides explain coverage terms and features:
www.allstate.com/madesimple
Espanol.allstate.com/facildeentender

***\* To make it easier to see where you may have gaps in your protection, we've highlighted any coverages you do not have in the Coverage Detail section in the enclosed Policy Declarations.***

# Thank you for choosing Allstate



## Proof of Insurance Card

For your convenience, two insurance cards have been included for each vehicle. State law requires that one of these cards be kept in each vehicle. Please place them in your vehicles by the effective date.



*Please use the printed Insurance Cards below.*



*Please use the printed Insurance Cards below.*



*Please use the printed Insurance Cards below.*



*Please use the printed Insurance Cards below.*

---

**Arkansas**
**Proof of Insurance Card**

Allstate Property and Casualty Insurance Company          NAIC# 17230

**Chris Huff**
**7 Whispering Wind Circle**
**Vilonia AR 72173-9502**

REDACTED BER                     YEAR / MAKE / MODEL
                                 **2013 Toyota Camry**
ATE   EXPIRATION DATE
11/15/16    05/15/17    REDACTED

**Excluded Drivers:** None
State law requires that you be able to provide satisfactory evidence of liability insurance upon the request of a police officer who is enforcing the law or investigating an accident. You may show this card to provide such evidence.

---

**Arkansas**
**Proof of Insurance Card**

Allstate Property and Casualty Insurance Company          NAIC# 17230

**Chris Huff**
**7 Whispering Wind Circle**
**Vilonia AR 72173-9502**

REDACTED BER                     YEAR / MAKE / MODEL
                                 **2013 Toyota Camry**
ATE   EXPIRATION DATE
11/15/16    05/15/17    REDACTED

**Excluded Drivers:** None
State law requires that you be able to provide satisfactory evidence of liability insurance upon the request of a police officer who is enforcing the law or investigating an accident. You may show this card to provide such evidence.

---

**Arkansas**
**Proof of Insurance Card**

Allstate Property and Casualty Insurance Company          NAIC# 17230

**Chris Huff**
**7 Whispering Wind Circle**
**Vilonia AR 72173-9502**

REDACTED BER                     YEAR / MAKE / MODEL
                                 **2012 Toy. Truck Tacoma**
ATE   EXPIRATION DATE
11/15/16    05/15/17     REDACTED

**Excluded Drivers:** None
State law requires that you be able to provide satisfactory evidence of liability insurance upon the request of a police officer who is enforcing the law or investigating an accident. You may show this card to provide such evidence.

---

**Arkansas**
**Proof of Insurance Card**

Allstate Property and Casualty Insurance Company          NAIC# 17230

**Chris Huff**
**7 Whispering Wind Circle**
**Vilonia AR 72173-9502**

REDACTED BER                     YEAR / MAKE / MODEL
                                 **2012 Toy. Truck Tacoma**
ATE   EXPIRATION DATE
11/15/16    05/15/17     REDACTED

**Excluded Drivers:** None
State law requires that you be able to provide satisfactory evidence of liability insurance upon the request of a police officer who is enforcing the law or investigating an accident. You may show this card to provide such evidence.

Policy number:          [REDACTED]                                      Page **2** of 2
Policy effective date:   November 15, 2016

Please use the printed Insurance Cards below.

Please use the printed Insurance Cards below.

Please use the printed Insurance Cards below.

Please use the printed Insurance Cards below.

### If you have an accident or loss:
- Get medical attention if needed, and notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828)
  555 Marriott Drive, Suite 850
  Nashville, TN 37214,
  logon to allstate.com or contact your Allstate agent
  or broker as soon as possible.
        Hervey Insurance
        (501) 336-0427
        1214 Hogan Ln #100
        Conway, AR 72034

**Reimbursement for Bail Bond Expense –** The Automobile Liability Insurance Coverage includes an agreement to reimburse an insured for the cost of bail bonds required as the result of an accident or traffic law violation, but not to exceed a limit of $100, $200, or $300, depending on the policy.

### If you have an accident or loss:
- Get medical attention if needed, and notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828)
  555 Marriott Drive, Suite 850
  Nashville, TN 37214,
  logon to allstate.com or contact your Allstate agent
  or broker as soon as possible.
        Hervey Insurance
        (501) 336-0427
        1214 Hogan Ln #100
        Conway, AR 72034

**Reimbursement for Bail Bond Expense –** The Automobile Liability Insurance Coverage includes an agreement to reimburse an insured for the cost of bail bonds required as the result of an accident or traffic law violation, but not to exceed a limit of $100, $200, or $300, depending on the policy.

### If you have an accident or loss:
- Get medical attention if needed, and notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828)
  555 Marriott Drive, Suite 850
  Nashville, TN 37214,
  logon to allstate.com or contact your Allstate agent
  or broker as soon as possible.
        Hervey Insurance
        (501) 336-0427
        1214 Hogan Ln #100
        Conway, AR 72034

**Reimbursement for Bail Bond Expense –** The Automobile Liability Insurance Coverage includes an agreement to reimburse an insured for the cost of bail bonds required as the result of an accident or traffic law violation, but not to exceed a limit of $100, $200, or $300, depending on the policy.

### If you have an accident or loss:
- Get medical attention if needed, and notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828)
  555 Marriott Drive, Suite 850
  Nashville, TN 37214,
  logon to allstate.com or contact your Allstate agent
  or broker as soon as possible.
        Hervey Insurance
        (501) 336-0427
        1214 Hogan Ln #100
        Conway, AR 72034

**Reimbursement for Bail Bond Expense –** The Automobile Liability Insurance Coverage includes an agreement to reimburse an insured for the cost of bail bonds required as the result of an accident or traffic law violation, but not to exceed a limit of $100, $200, or $300, depending on the policy.

065 010 003
161004A300588
1100000A3005B8065AR00016100423562600571002008003633

# Renewal auto policy declarations

Your policy effective date is November 15, 2016



Platinum   Gold   Standard   Value Plan


You're in good hands.

Page **1** of 4

## Total Premium for the Policy Period

Please review your insured vehicles and verify their VINs are correct.

| Vehicles covered | Identification Number (VIN) | Premium |
|---|---|---|
| 2012 Toy. Truck Tacoma | REDACTED | $642.69 |
| 2013 Toyota Camry | REDACTED | 661.44 |
| **If you pay in installments\*** | | **$1,304.13** |
| **If you pay in full (includes FullPay® Discount)** | | **$1,188.46** |

*If you pay less than the Pay in Full amount, you will be charged an installment fee(s).

## Discounts (included in your total premium)

| | | | |
|---|---|---|---|
| Allstate Easy Pay Plan | **$56.71** | Safe Driving Club® | **$455.50** |
| Multiple Policy | **$90.32** | Responsible Payer | **$157.82** |
| Early Signing | **$146.87** | Homeowner | **$56.40** |
| Preferred Package | **$42.92** | Passive Restraint | **$23.15** |
| Antilock Brakes | **$93.24** | Electronic Stability Control | **$81.11** |
| **Total discounts** | | | **$1,204.04** |

| Policy discounts | | | $1,006.54 |
|---|---|---|---|
| Allstate Easy Pay Plan | $56.71 | Early Signing | $146.87 |
| Safe Driving Club® | $455.50 | Homeowner | $56.40 |
| Multiple Policy | $90.32 | Preferred Package | $42.92 |
| Responsible Payer | $157.82 | | |

| 2012 Toy. Truck Tacoma discounts | | | $85.95 |
|---|---|---|---|
| Passive Restraint | $8.76 | Antilock Brakes | $41.27 |
| Electronic Stability Control | $35.92 | | |

| 2013 Toyota Camry discounts | | | $111.55 |
|---|---|---|---|
| Passive Restraint | $14.39 | Antilock Brakes | $51.97 |
| Electronic Stability Control | $45.19 | | |

### Listed drivers on your policy

**Chris Huff** - Married male driver, age 31, Safe Driving Club
**Lindsey Huff** - Married female driver, age 25, Safe Driving Club

Information as of October 4, 2016

## Summary

Named Insured(s)
**Chris Huff**
Mailing address
**7 Whispering Wind Circle**
**Vilonia AR 72173-9502**
Policy number
REDACTED

Your policy provided by
**Allstate Property and Casualty**
**Insurance Company**
Policy period
Beginning **November 15, 2016** through
**May 15, 2017** at 12:01 a.m. standard time
Your Allstate agency is
**Hervey Insurance**
1214 Hogan Ln #100
Conway AR 72034
(501) 336-0427
CHRISHERVEY@allstate.com

**Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.**

AR010RBD



Renewal auto policy declarations  
Policy number:  
Policy effective date:     November 15, 2016

Page **2** of 4

*Excluded drivers from your policy*

None

# Coverage detail for 2012 Toy. Truck Tacoma

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $249.71 |
|   Bodily Injury | $50,000 each person<br>$100,000 each occurrence | | |
|   Property Damage | $50,000 each occurrence | | |
|   Auto Collision Insurance | Actual cash value | $1,000 | $222.02 |
| (Safe Driving Deductible Reward - deductible reduction amount available is $500) | | | |
|   Auto Comprehensive Insurance | Actual cash value | $1,000 | $99.71 |
|   Rental Reimbursement | up to $20 per day for a maximum of 30 days | Not applicable | $13.36 |
|   Towing and Labor Costs | $50 each disablement | Not applicable | $5.87 |
| Underinsured Motorists Insurance for Bodily Injury | $50,000 each person<br>$100,000 each accident | Not applicable | $17.96 |
| Uninsured Motorists Insurance | | | $13.59 |
|   Bodily Injury | $50,000 each person<br>$100,000 each accident | Not applicable | |
|   Property Damage | $25,000 each accident | $200 | |
| Accidental Death Benefits* | $5,000 each person | Not applicable | $1.17 |
| Income Disability Benefits * (each person) | | Not applicable | $2.17 |
| ▪ Essential Services Expenses | $70 per week | | |
| ▪ Wage Loss Benefits | 70% of income up to a maximum of $140 per week | | |
| Medical and Hospital Benefits* | $5,000 each person | Not applicable | $17.13 |
| ▪ Funeral Services | $5,000 each person | | |
|   Sound System | **Not purchased*** | | |
| Tape | **Not purchased*** | | |
| **Total premium for 2012 Toy. Truck Tacoma** | | | **$642.69** |

*\* This coverage can provide you with valuable protection.  To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.*

*\*Note: Subject to time limitations set forth in the endorsement or policy*

**VIN** REDACTED

**Lienholder**  
Toyota Motor Credit Corp

**Rating information**
▪ This vehicle is driven over 7,500 miles per year, 3-9 miles to work/school

Renewal auto policy declarations
Policy number: 
Policy effective date:     November 15, 2016

Page **3** of 4


You're in good hands.

## Coverage detail for 2013 Toyota Camry

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $189.08 |
| Bodily Injury | $50,000 each person<br>$100,000 each occurrence | | |
| Property Damage | $50,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $1,000 | $278.64 |
| (Safe Driving Deductible Reward - deductible reduction amount available is $500) | | | |
| Auto Comprehensive Insurance | Actual cash value | $1,000 | $90.19 |
| Rental Reimbursement | up to $20 per day for a maximum of 30 days | Not applicable | $13.36 |
| Towing and Labor Costs | $50 each disablement | Not applicable | $5.87 |
| Underinsured Motorists Insurance for Bodily Injury | $50,000 each person<br>$100,000 each accident | Not applicable | $29.24 |
| Uninsured Motorists Insurance | | | $21.51 |
| Bodily Injury | $50,000 each person<br>$100,000 each accident | Not applicable | |
| Property Damage | $25,000 each accident | $200 | |
| Accidental Death Benefits* | $5,000 each person | Not applicable | $0.99 |
| Income Disability Benefits * (each person) | | Not applicable | $1.83 |
| ▪ Essential Services Expenses | $70 per week | | |
| ▪ Wage Loss Benefits | 70% of income up to a maximum of $140 per week | | |
| Medical and Hospital Benefits* | $5,000 each person | Not applicable | $30.73 |
| ▪ Funeral Services | $5,000 each person | | |
| Sound System | **Not purchased*** | | |
| Tape | **Not purchased*** | | |
| **Total premium for 2013 Toyota Camry** | | | **$661.44** |

*\* This coverage can provide you with valuable protection.  To help you stay
current with your insurance needs, contact your Allstate agent to discuss
coverage options and other products and services that can help protect you.*

*\*Note: Subject to time limitations set forth in the endorsement or policy*

**VIN** REDACTED

**Lienholder**
Arkansas Federal Credit Union

**Rating information**
▪ This vehicle is driven over 7,500 miles per year, for pleasure

AR010RBD



Renewal auto policy declarations
Policy number:    [REDACTED]
Policy effective date:    November 15, 2016

Page **4** of 4

## Your policy documents

Your automobile policy consists of this Policy Declarations and the documents in the following list. Please keep these together.

- Allstate Property and Casualty Auto Insurance Policy – AU12890
- Amendatory Endorsement – AP4813
- Claim Satisfaction Guarantee Amendatory Endorsement – AP4878
- Utility Automobile Endorsement – AU2024

## Important payment and coverage information

Here is some additional, helpful information related to your coverage and paying your bill:

▶ Your Gold Protection package contains the following features:
  - Accident Waiver Enhancement feature
  - Safe Driving Deductible Reward feature

---

**Allstate Property and Casualty Insurance Company's** Secretary and President have signed this policy with legal authority at Northbrook, Illinois.

*Steven P. Sorenson*

Steven P. Sorenson
President

*Susan L. Lees*

Susan L. Lees
Secretary

# Important notices

Policy number: [REDACTED]
Policy effective date: November 15, 2016



## Notice Of A Change To Your Auto Policy

From time to time Allstate will revise your coverage. We've included an Amendatory Endorsement in this mailing package that changes parts of your contract. Please read this endorsement and keep it with your Auto policy.

We're also providing you with the following summary. We hope you find it informative and useful, but keep in mind that it's not part of your contract. Always reference your policy documents for your exact coverage details.

If you have any questions about this notice or your policy coverage, you can contact your Allstate representative, call 1-800-ALLSTATE℠ (1-800-255-7828), or visit www.allstate.com. We're here to help!

### In the Protection Against Loss To The Auto section:

We are revising the **Limits Of Liability** provision. The **Limits Of Liability** provision **currently** states **Allstate's** limit of liability is the least of:

1. the actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation; or

2. the cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to, non-original equipment manufacturers, subject to all applicable state laws and regulations; or

3. $500, if the loss is to a covered trailer not described on the Policy Declarations.

With the addition of amount 3. listed below, the **Limits Of Liability** provision now states that our limit of liability will be the least of four, instead of three amounts.

The **Limits Of Liability** provision now reads as follows:

**Allstate's limit of liability** is the least of:

1. the actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation; or

2. the cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to,

non-original equipment manufacturers, subject to all applicable state laws and regulations; or

3. the limit of liability shown on the Policy Declarations applicable to the damaged property; or

4. $500, if the loss is to a covered trailer not described on the Policy Declarations.

In some instances this change may reduce your coverage as the limit of liability is the least of these four amounts. It is important that you review your policy to ensure that the amount of coverage for your trailer is adequate. If you should have any questions in relation to this change, please contact your agent.

**XC3681**

## Important Information About Your Auto Policy

The enclosed Policy Declarations lists important information about your policy, such as your address, the vehicles you've insured, the vehicle identification numbers (VIN) assigned to your insured vehicles, the drivers insured, and the coverages and coverage limits you've chosen. Your Policy Declarations also lists any discounts and surcharges applied to your policy.

Because much of the information found on your Policy Declarations is used to help us determine your premium, please be sure to review your Policy Declarations carefully each time you receive one. You may want to add coverage, delete coverage or change your coverage limits, or you may want to change the information concerning the vehicles or drivers your policy insures.

Another thing to keep in mind is that you may now qualify for discounts that you were not eligible to receive previously. For instance, Allstate offers discounts for:

- Unmarried young drivers, including students under the age of 25

- Drivers who have completed approved driver training courses

- Drivers who also own a home, townhouse, condominium, or mobilehome

Please contact your Allstate agent for additional information about discount qualifications, as well as other discounts that may be available to you.

### Making Changes to Your Policy

If you need to make a change to any of the information listed on your Policy Declarations, please notify your Allstate agent as



soon as possible. With a few exceptions, **any changes will be effective as of the date you notify us.**

If you have any questions about this notice, or if you need to update any of the information listed on the enclosed Policy Declarations, please contact your Allstate agent or 1-800-ALLSTATE (1-800-255-7828).

X72910-1

## Important Addresses and Phone Numbers

If you have questions or concerns about your Allstate policy and coverage, you can contact your Allstate agent or representative at the addresses and phone numbers listed below.

### Your Agent

To contact your agent, please refer to your Policy Declarations for your agent's name and phone number.

### Allstate

To contact Allstate directly, you can call 1-800-ALLSTATE (1-800-255-7828) or write to us at the following address:

Allstate Insurance Company
PO Box 660598
Dallas, TX 75266-0598

### Arkansas Insurance Department

If neither your Allstate agent nor a representative at the offices listed above can resolve your question or concern, you can always contact the Arkansas Insurance Department's Consumer Services Division:

Arkansas Insurance Department
1200 West Third Street
Little Rock, AR 72201
1-501-371-2640 or 1-800-852-5494

Thank you for choosing Allstate to help you protect what you have today and help you prepare for the future.

X3201-7

## Reassessment of Your Credit Information and InsuranceRates Is Available

**Credit information is used to determine insurance rates**

As you know, we obtained your credit information at the time you applied for your policy and based the premium you pay partly on that information. Certain data from credit reports has proved an effective predictor of insurance losses, enabling insurance companies to offer lower premiums to customers who, according to their credit information, are less likely to experience loss.

**You may request that we reorder your credit information**

At your request, once every two years we will reorder credit report(s) if you would like us to update the credit information used to rate your policy. If we update your credit information, your premium could decrease, or it could stay the same—so we strongly recommend that you consider this option carefully before making the request. Because an insurance company is not assessing credit-worthiness, the information it considers from credit reports is not the same as that considered by a financial institution. For example, credit report information that would lead a bank to offer you a lower interest rate on a loan will not necessarily lower your insurance premium.

Any resulting premium change will be applied at the start of your next policy period.

If you're interested in the option of reordering credit report information, or if you have any other questions about our rating practices, please contact your Allstate agent or call us toll-free at 1-800-ALLSTATE (1-800-255-7828). You can also learn more about the use of credit information and insurance by logging on to our website at allstate.com—we want to help you make the best possible decisions about your insurance.

X67478-1

## We Have Increased Our Rates

We want to let you know that we have increased our insurance rates in Arkansas. We are making this change to keep pace with rising insurance claim and operating costs in your state. As you may know, your premium is determined by a number of factors, such as your loss history, the coverages you purchased and your eligibility for discounts.

As a result of this change, your policy premium has increased. By comparing the enclosed Policy Declarations to the Declarations that accompanied your last policy renewal, you can determine the amount of the increase.

You can also contact your Allstate representative, who can help you determine the amount of any premium change.

Important notices
Policy number: [REDACTED]
Policy effective date: November 15, 2016

Page **3** of 3



Please keep in mind that any recent changes you may have made to your policy may also affect the amount of your premium.

## Options for Managing Your Premium

We understand that this is not a welcome change. However, there may be ways you can help manage your insurance costs without sacrificing quality Allstate coverage. For example, some of the ways you may be able to maintain or even reduce your premium include:

- Reviewing your coverages and determining whether or not any changes are needed
- Adjusting your deductible
- Policy discounts that may be available to you

Also, we encourage you to contact your Allstate representative to discuss whether any of these suggestions or other options may work for you. We know that insurance costs are extremely important to you, and it's one of our goals to help you manage those costs while always keeping you in Good Hands®.

### Have Questions? Please Contact Us

If you have any questions about your policy premium or how to manage the cost of your insurance, please feel free to contact your Allstate representative.

**X72970**

## You Can Save More on Your Premium with Our Allstate eSmart® Discount

We want to make sure you're aware of the additional savings that are available to you if you take advantage of the Allstate eSmart® discount. You can get this discount and save on your premium simply by enrolling in our ePolicy program.

When you enroll in ePolicy, you will be able to access your policy documents electronically through Allstate's secure online system. You can then enjoy the convenience of an electronic policy while also knowing that you're helping the environment by eliminating paper.

### Your Next Steps

The first step to enrolling in ePolicy and getting the Allstate eSmart® discount is to open an online account with us. If you haven't already done this, simply go to allstate.com, click on "My Account Login" at the top of the page and then click "create an account."

Once you have an online account, simply sign in to it, then click the "My Policies" link at the top of the page and select

"ePolicy" to begin enrolling and viewing your documents electronically.

### Important Information

You can have the Allstate eSmart® discount added to your policy with this renewal as long as you enroll in ePolicy sometime between now and *one day prior* to your policy's renewal effective date, which is shown on the first page of your Policy Declarations.

Since we know managing your insurance costs is very important to you, we urge you to complete your ePolicy enrollment as soon as possible.

**X73348**

## Installment Fee Increase

We'd like you to be aware that if you pay your premium in installments, we've increased the installment fee for each payment.

For the following payment methods, the new installment fees are:

| | |
|---|---|
| Allstate® Easy Pay Plan | $1.50 |
| Check, credit card, and all other payment types | $4.00 |

As always, if you choose to pay your entire premium in full, there will be no installment fees for that policy period.

If you have any questions, please feel free to call your Allstate Agent or (501) 336-0427.

**X73644**



065 010 003
161004A300588
1100000A300588065AR00016100423562600057100700800363

# Privacy Statement

Policy number: [REDACTED]

Policy effective date: November 15, 2016

Page **1** of 2



Thank you for choosing Allstate. We value you, respect your privacy and work hard to protect your personal information.

This statement is provided on behalf of Allstate Insurance Company and the affiliates ("Allstate") listed at the end of this notice. We would like to explain how we collect, use and share the information we obtain about you in the course of doing business.

## Our Privacy Assurance

- We do not sell your personal or medical information to anyone.
- We do not share your information with non-affiliate companies that would use it to contact you about their own products and services, unless permitted pursuant to a joint marketing agreement.
- We require persons or organizations that represent or assist us in servicing your policy and claims to keep your information confidential.
- We require our employees to protect your personal information and keep it confidential.

As you can see, protecting your personal information is important to us. In addition to the practices described above, we use a variety of physical, technical and administrative security measures that help to safeguard your information. For Social Security Numbers (SSN), this includes restricting access to our employees, agents and others who use your SSN only as permitted by law: to comply with the law, to provide you with products and services, and to handle your claims. Also, our employees' and agents' access to and use of your SSN are limited by the law, our policies and standards, and our written agreements.

Our privacy practices continue to apply to your information even if you cease to be an Allstate customer.

## What Personal Information Do We Have and Where Do We Get It

We gather personal information from you and from outside sources for business purposes. Some examples of the information we collect from you may include your name, phone number, home and e-mail addresses, driver's license number, Social Security Number, marital status, family member information and healthcare information. Also, we maintain records that include, but are not limited to, policy coverages, premiums, and payment history. We also collect information from outside sources including, but not limited to, insurance support organizations that assemble or collect information about individuals for the purpose of providing to insurance companies. This information may include, but is not limited to,

your driving record, claims history, medical information and credit information.

In addition, Allstate and its business partners gather information through Internet activity, which may include, for example, your operating system, links you used to visit allstate.com, web pages you viewed while visiting our site or applications, Internet Protocol (IP) addresses, and cookies. We use cookies, analytics and other technologies to help:

- Evaluate our marketing campaigns
- Analyze how customers use our website and applications
- Develop new services
- Know how many visitors have seen or clicked on our ads

Also, our business partners assist us with monitoring information including, but not limited to, IP addresses, domain names and browser data, which can help us to better understand how visitors use allstate.com.

## How We Use and Share Your Personal Information

In the course of normal business activities, we use and share your personal information. We may provide your information to persons or organizations within and outside of Allstate. This would be done as required or permitted by law. For example, we may do this to:

- Fulfill a transaction you requested or service your policy
- Market our products
- Handle your claim
- Prevent fraud
- Comply with requests from regulatory and law enforcement authorities
- Participate in insurance support organizations

The persons or organizations with whom we may share your personal information may include, among others:

- Your agent, broker or Allstate-affiliated companies
- Companies that perform services, such as marketing, credit card processing, and performing communication services on our behalf
- Business partners that assist us with tracking how visitors use allstate.com
- Other financial institutions with whom we have a joint marketing agreement
- Other insurance companies that play a role in an insurance transaction with you
- Independent claims adjusters
- A business or businesses that conduct actuarial or research studies
- Those who request information pursuant to a subpoena or court order
- Repair shops and recommended claims vendors

## The Internet and Your Information Security



We use cookies, analytics and other technologies to help us provide users with better service and a more customized web experience. Additionally, our business partners use tracking services, analytics and other technologies to monitor visits to allstate.com. The website may also use Web beacons (also called "clear GIFs" or "pixel tags") in conjunction with cookies. If you prefer, you can choose to not accept cookies by changing the settings on your web browser. Also, if you would like to learn about how we gather and protect your information over the Internet, please see our online privacy statement located at the bottom of the allstate.com homepage.

To learn more, the allstate.com Privacy Statement provides information relating to your use of the website. This includes, for example, information regarding:

1) How we collect information such as IP address (the number assigned to your computer when you use the Internet), browser and platform types, domain names, access times, referral data, and your activity while using our site;
2) Who should use our website;
3) The security of information over the Internet; and
4) Links and co-branded sites.

## How You Can Review and Correct Your Personal Information

You can request to review your personal information contained in our records at any time. To do this, please send a letter to the address below requesting to see your information for the previous two years. If you believe that our information is incomplete or inaccurate, you can request that we correct it. Please note we may not be able to provide information relating to investigations, claims, litigation, and other matters. We will be happy to make corrections whenever possible.

Please send requests to:
Allstate Insurance Company Customer Privacy Inquiries
PO Box 660598
Dallas, TX 75266-0598

## Your Preference for Sharing Personal Information

We would like to share your personal information with one or more Allstate affiliates in order to make you aware of different products, services and offers they can provide. However, you can request that Allstate and its affiliate companies not share your personal information with our affiliates for marketing products and services.

To request that we not allow other Allstate affiliates to use your personal information to market their products and services, you can contact us by calling 1-800-856-2518 twenty-four hours a day, seven days a week. Please keep in mind that it may take up to four weeks to process your request.

If you previously contacted us and asked us not to allow other Allstate affiliates to use your personal information, your previous choice still applies and you do not need to contact us again. If you would like to change your previous choice please call the number above at any time.

## We Appreciate Your Business

Thank you for choosing Allstate. We understand your concerns about privacy and confidentiality, and we hope this notice has been helpful to you. We value our relationship with you and look forward to keeping you in Good Hands®.

If you have questions or would like more information, please don't hesitate to contact your Allstate agent or call the Allstate Customer Information Center at 1-800-ALLSTATE.

We reserve the right to change our Privacy practices, procedures, and terms.

Allstate Insurance Company

Allstate entities on which behalf this notice is provided and amongst which information may be shared:

The Allstate family of companies, LSA Securities, Deerbrook General Agency, Inc., Deerbrook Insurance Company, North Light Specialty Insurance Company, Northbrook Indemnity Company.

Please Note: Allstate affiliates American Heritage Life Insurance Company, Castle Key Insurance Company and Castle Key Indemnity Company participate in information sharing with the affiliates listed above, but have a separate privacy notice for their customers.

(ed. 10/2015)

X73180v6



# Auto
# Policy

AU12890

**Policy number**

**Policy effective**

**Policyholders**

**Your Allstate agency is**



EXHIBIT
B

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

# Table of Contents

**General** .................................................................. 3
Insuring Agreement ................................................ 3
When And Where The Policy Applies ................... 3
Premium Changes ................................................. 3
Coverage Changes ................................................ 3
Duty To Report Autos ........................................... 3
Combining Limits Of Two Or More Autos Prohibited ......... 3
Transfer .................................................................. 3
Cancellation ........................................................... 3
Non-Renewal .......................................................... 4
Conditional Reinstatement ................................... 4
What Law Will Apply ............................................. 4
Where Lawsuits May Be Brought ......................... 4

**Part I—Automobile Liability Insurance–**
    **Coverages AA and BB** ................................... 4
Insuring Agreement ................................................ 4
Additional Payments We Will Make ..................... 5
Insured Persons ..................................................... 5
Insured Autos ........................................................ 5
Definitions .............................................................. 5
Exclusions—What Is Not Covered ....................... 6
Financial Responsibility ......................................... 6
Limits Of Liability .................................................. 6
If There Is Other Insurance ................................... 6
Assistance And Cooperation ................................. 6
Action Against Us .................................................. 7
What To Do In Case Of An Auto Accident Or Claim ..... 7

**Part II—Medical And Hospital Benefits–Coverage VC** ..... 7
Insuring Agreement ................................................ 7
Definitions .............................................................. 7
Exclusions—What Is Not Covered ....................... 7
Unreasonable Or Unnecessary Medical Expenses .......... 8
Limits Of Liability .................................................. 8
Notice ..................................................................... 8
Proof Of Claim; Medical Reports ......................... 9
Subrogation Rights ................................................ 9
Trust Agreement .................................................... 9
Non-Duplication Of Benefits ................................ 9
Action Against Us .................................................. 9

**Part III—Accidental Death Benefits–Coverage VM** ..... 9
Insuring Agreement ................................................ 9
Definitions .............................................................. 9
Exclusions—What Is Not Covered ....................... 10
Limits Of Liability .................................................. 10
Notice ..................................................................... 10
Proof Of Claim; Medical Reports ......................... 10
Action Against Us .................................................. 10

**Part IV—Income Disability Benefits–Coverage VW** ..... 10
Insuring Agreement ................................................ 10
Definitions .............................................................. 11
Exclusions—What Is Not Covered ....................... 11
Limits Of Liability .................................................. 12
Notice ..................................................................... 12
Proof Of Claim; Medical Reports ......................... 12
Trust Agreement .................................................... 12
Non-Duplication Of Benefits ................................ 12
Action Against Us .................................................. 12

**Part V—Uninsured Motorists Insurance–Coverage SS**
    **Underinsured Motorists Insurance–**
    **Coverage SU** ................................................ 12
Insuring Agreement ................................................ 12
Insured Persons ..................................................... 13
An Insured Auto Is ................................................. 13
An Uninsured Auto Is ............................................ 13
An Underinsured Auto Is ....................................... 13
An Uninsured Auto is Not ..................................... 13
Definitions .............................................................. 13
Exclusions—What Is Not Covered ....................... 14
Limits Of Liability .................................................. 14
If There Is Other Insurance ................................... 14
Proof Of Claim; Medical Reports ......................... 15
Assistance And Cooperation ................................. 15
Trust Agreement .................................................... 15
Our Payment Of Loss ............................................ 15
Action Against Us .................................................. 15
If We Cannot Agree ............................................... 15

**Part VI—Protection Against Loss To The Auto–**
    **Coverages DD, DE, HH, HE, HF, HG, JJ, UU,**
    **ZA, and ZZ** .................................................. 15
Insuring Agreements For Each Coverage ............. 15
Additional Payments We Will Make ..................... 17
Insured Autos ........................................................ 17
Definitions .............................................................. 17
Exclusions—What Is Not Covered ....................... 18
Right To Appraisal ................................................. 18
Our Payment Of Loss ............................................ 18
Limits Of Liability .................................................. 18
If There Is Other Insurance ................................... 19
Action Against Us .................................................. 19
Subrogation Rights ................................................ 19
What You Must Do If There Is A Loss .................. 19
Loss Payable Clause .............................................. 19

**Index Of Policy Provisions** ................................. 20

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



## Allstate Property & Casualty Insurance Company
**The Company Named in the Policy Declarations**
A Stock Company - Home Office: Northbrook, Illinois

# General

This policy is a legal contract between **you** and **us**. A coverage applies only when a premium for it is shown on the Policy Declarations. If more than one **auto** is insured, premiums will be shown for each **auto**. If **you** pay the premiums when due and comply with the policy terms, **we**, relying on the information **you have** given **us**, make the following agreements with **you**.

## When And Where The Policy Applies

**Your** policy applies only during the premium period. During this time, it applies to losses to the **auto**, accidents and occurrences within the United States of America, its territories or possessions or Canada, or between their ports. The premium period is shown on the declarations page.

## Changes
## Premium Changes

The premium for each **auto** is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct, if it is complete, and if it changes during the policy period. **You** agree that if this information changes or is incorrect or incomplete, **we** may adjust **your** premium accordingly during the policy period.

Changes which result in a premium adjustment are contained in **our** rules. These include, but are not limited to:

1. **autos** insured by the policy, including changes in use.

2. drivers residing in **your** household, their ages or marital status.

3. coverages or coverage limits.

4. rating territory.

5. discount eligibility.

Any calculation or adjustment of **your** premium will be made using the rules, rates, and forms in effect, and on file if required, for **our** use in **your** state.

## Coverage Changes

When **we** broaden a coverage during the policy period without additional charge, **you** have the new feature if **you** have the coverage to which it applies. The new feature applies on the date the coverage change is effective in **your** state. Otherwise, the policy can be changed only by endorsement. Any changes in **your** coverage will be made using the rules, rates, and forms in effect, and on file if required, for **our** use in **your** state.

## Duty To Report Autos

**You** must tell **us** within 60 days when **you** acquire an additional or replacement **auto**. If **you** don't, certain coverages of this policy may not apply.

## Combining Limits Of Two Or More Autos Prohibited

If **you** have two or more **autos** insured in **your** name and one of these **autos** is involved in an accident, only the coverage limits shown on the Policy Declarations for that **auto** will apply. When **you** have two or more **autos** insured in **your** name and none of them is involved in the accident, **you** may choose any single **auto** shown on the Policy Declarations and the coverage limits applicable to that **auto** will apply.

The limits available for any other **auto** covered by the policy will not be added to the coverage for the involved or chosen **auto**.

## Transfer

This policy can't be transferred to anyone without **our** written consent. However, if **you** die, coverage will be provided until the end of the premium period for:

1. **your** legal representative while acting as such, and

2. persons covered on the date of **your** death.

## Cancellation

**You** may cancel this policy by writing and telling **us** the future date **you** wish to stop coverage.

**We** may cancel part or all of this policy by mailing notice to **you** at **your** last known address. If **we** cancel because **you** didn't pay the premium, the date of cancellation will be at least 10 days after the date of mailing. Otherwise, **we** will give **you** 20 days of notice.

Mailing the notice will be proof of notice. Any refund due will be calculated on a pro-rata basis. Cancellation will be effective even if the refund is not made immediately.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **4** of 21

After **your** original policy has been in effect 60 days, **we** will not cancel or reduce **your** coverage during the premium period unless:

1.   **you** don't pay the premium when it's due;

2.   **you** or any **member** of **your** household has had a driver's license suspended or revoked during the last 12 months; **or**

3.   the policy was obtained through material misrepresentation; **or**

4.   **We** have mailed notice within the first 60 days that **we** do not intend to continue the **policy.**

Any unearned premium amounts under $2.00 will be refunded only upon **your** request.

## Non-Renewal

If **we** don't intend to renew **your** policy beyond the current premium period, **we** will mail **you** notice at least 30 days before the end of the premium period.

## Conditional Reinstatement

If **we** mail a cancellation notice because **you** didn't pay the required premium when due and **you** then tender payment by check, draft, or other remittance which is not honored upon presentation, **your** policy will terminate on the date and time shown on the cancellation notice and any notice **we** issue which waives the cancellation or reinstates coverage is void. This means that **we** will not be liable under this policy for claims or damages after the date and time indicated on the cancellation notice.

## What Law Will Apply

This policy is issued in accordance with the laws of Arkansas and covers property or risks principally located in Arkansas. Subject to the following paragraph, any and all claims or disputes in any way related to this policy shall be governed by the laws of Arkansas.

If a covered loss to the **auto**, a covered **auto** accident, or any other occurrence for which coverage applies under this policy happens outside Arkansas, claims or disputes regarding that covered loss to the **auto**, covered **auto** accident, or other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to the **auto**, covered **auto** accident, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

## Where Lawsuits May Be Brought

Subject to the following two paragraphs, any and all lawsuits in any way related to this policy shall be brought, heard, and decided only in a state or federal court located in Arkansas. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy or involved in any other way with this policy, shall be brought, heard, and decided only in a state or federal court located in Arkansas, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.

If a covered loss to the **auto**, a covered **auto** accident, or any other occurrence for which coverage applies under this policy happens outside Arkansas, lawsuits regarding that covered loss to the **auto**, covered **auto** accident, or other covered occurrence may also be brought in the judicial district where that covered loss to the **auto**, covered **auto** accident, or other covered occurrence happened.

Nothing in this provision, **Where Lawsuits May Be Brought**, shall impair any party's right to remove a state court lawsuit to a federal court.

# Part I—Automobile Liability Insurance Bodily Injury-Coverage AA Property Damage-Coverage BB

**We** will pay for all damages an insured person is legally obligated to pay because of bodily injury or property damage meaning:

1.   bodily injury, sickness, disease or death to any person, including loss of services; and

2.   damage to or destruction of property, including loss of use.

Under these coverages, **your** policy protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured **auto**.

**We** will defend an insured person if sued as the result of an **auto** accident. This defense will be supplied even if the suit is groundless or false. **We** will choose the counsel. **We** may settle any claim or suit if **we** believe it is proper.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



**Allstate**
You're in good hands.

## Additional Payments We Will Make

When **we** defend an insured person under this part, **we** will pay

1. up to $50 a day for loss of wages or salary if **we** ask that person to attend hearings or trials to defend against a bodily injury suit. **We** won't pay for loss of other income. **We** will pay other reasonable expenses incurred at **our** request.

2. court costs for defense.

3. interest accruing on damages awarded. **We** will pay this interest only until **we** have paid, offered, or deposited in court the amount for which **we are** liable under this policy. **We** will only pay interest on damages not exceeding **our** limits of liability.

4. premiums on appeal bonds and on bonds to release attachments, but not in excess of **our** limit of liability. **We** aren't required to apply for or furnish these bonds.

**We** will repay an insured person for:

1. the cost of any bail bonds required due to an accident or traffic law violation involving the use of the insured **auto**. **We** won't pay more than $300 per bond. **We** aren't required to apply for or furnish these bonds.

2. any expense incurred for first aid to others at the time of an **auto** accident involving the insured **auto**.

## Insured Persons

1. While using **your** insured **auto**:
   a) **you**,
   b) any **resident**, and
   c) any other person using it with **your** permission.

2. While using a non-owned **auto**:
   a) **you**,
   b) any **resident** relative using a four-wheel private passenger **auto** or **utility auto**.

3. Any other person or organization liable for the use of an insured **auto** if the **auto** is not owned or hired by this person or organization.

## Insured Autos

1. Any **auto** described on the Policy Declarations. This includes the four-wheel private passenger **auto** or **utility auto you** replace it with. However, **you** must notify **us** within 60 days of the replacement. **You** must also pay any additional premium.

2. An additional four-wheel private passenger **auto** or **utility auto you** become the owner of during the premium period. This **auto** will be covered if **we** insure all other private passenger **autos** or **utility autos you** own. **You** must, however, tell **us** within 60 days of acquiring the **auto**. **You** must pay any additional premium.

3. A substitute four-wheel private passenger **auto** or **utility auto**, not owned by **you** or a **resident**, being temporarily used while **your** insured **auto** is being serviced or repaired, or if **your** insured **auto** is stolen or destroyed.

4. A non-owned **auto** used by **you** or a **resident** relative with the owner's permission. This **auto** must not be available or furnished for the regular use of an insured person.

5. A trailer while attached to an insured **auto**. The trailer must be designed for use with a private passenger **auto** or **utility auto**. This trailer can't be used for business purposes with other than a private passenger **auto** or **utility auto**.

## Definitions

1. **We, Us**, or **Our**—means the Company as shown on the Policy Declarations.

2. **Auto**—means a land **motor vehicle** designed for use on public roads.

3. **Resident**—means the physical presence in **your** household with the intention to continue living there. Unmarried dependent children while temporarily away from home will be considered residents, if they intend to continue to live in **your** household.

4. **Utility Auto**—means an **auto** of the pick-up body, sedan delivery or panel truck type. This **auto** must have a rated load capacity of not more than 2,000 pounds.

5. **You** or **Your**—means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.

6. **Punitive or Exemplary Damages**—means damages which may be imposed to punish a wrongdoer and to deter others from similar conduct.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **6** of 21

## Exclusions—What Is Not Covered

This coverage does not apply to liability for:

1. **your** insured **auto** while used to carry persons or property for a charge, or any **auto you** are driving while available for hire by the public. This exclusion does not apply to shared-expense car pools.

2. **auto** business operations such as repairing, servicing, testing, washing, parking, storing, or selling of **autos**. However, coverage does apply to **you**, **resident** relatives, partners or employees of the partnership of **you** or a **resident** relative when using **your** insured **auto**.

3. a non-owned **auto** while being used in any business or occupation of an insured person. However, coverage does apply while **you**, **your** chauffeur, or domestic servant are using a private passenger **auto** or trailer.

4. bodily injury to an employee of any insured person arising in the course of employment. Coverage does apply to a domestic employee who is not required to be covered by a workers' compensation law or similar law.

5. anyone other than **you**, for claims made by a co-worker injured in the course of employment.

6. bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household.

7. injury to or destruction of property an insured person owns, is in charge of, or rents. However, a private residence or a garage rented by that person is covered.

8. bodily injury or properly damage caused intentionally by or at the direction of an insured person.

9. bodily injury or property damage which would also be covered under nuclear energy liability insurance. This applies even if the limits of that insurance are exhausted.

10. **punitive or exemplary damages**.

## Financial Responsibility

When this policy is certified as proof under any motor vehicle financial responsibility law, this policy will comply with the provisions of that law.

## Limits Of Liability

The limits shown on the Policy Declarations are the maximum **we** will pay for any single **auto** accident. The limit stated for each person for bodily injury applies to all damages arising from bodily injury, sickness, disease or death sustained by one person in any one occurrence including damages from anyone else as a result of that bodily injury. Subject to the limit for each person, the occurrence limit is **our** total limit of liability for all damages for bodily injury sustained by two or more persons in any one occurrence. For property damage, the limit applies to damages arising from each occurrence.

The liability limits apply to each insured **auto** as shown on the Policy Declarations. The insuring of more than one person or **auto** under this policy will not increase **our** liability limits beyond the amount shown for any one **auto**, even though a separate premium is charged for each **auto**. The limits won't be increased if **you** have other **auto** insurance policies that apply.

An **auto** and attached trailer are considered one **auto**. Also, an **auto** and a mounted camper unit, topper, cap or canopy are considered one **auto**.

## If There Is Other Insurance

When this insurance covers a substitute auto or non-owned auto, **we** will pay only after all other collectible insurance has been exhausted. However, this does not include an **auto** loaned by a duly licensed automobile dealer as a temporary substitute, with or without compensation, to **you** for use as a temporary substitute vehicle while **your auto** is out of use because of breakdown, repair, servicing or if the other **auto** is loaned by a duly licensed automobile dealer for use as a demonstrator vehicle. **Our** extension of liability will be primary only to the extent of coverage to the **auto** being repaired or serviced. If more than **one** policy applies on a primary basis to an accident involving **your** insured **auto**, **we** will bear **our** proportionate share with the other collectible liability insurance.

## Assistance And Cooperation

When **we** ask, an insured person must cooperate with **us** in the investigation, settlement and defense of any claim or lawsuit. If **we** ask, that person must also help **us** obtain payment from anyone who may be jointly responsible.

**We** can't be obligated if an insured person voluntarily takes any action or makes any payments other than for covered expenses for bail bonds or first aid to others.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



You're in good hands.

## Action Against Us

No insured person may sue **us** under this coverage unless there is full compliance with all the policy terms.

If liability has been determined by judgment after trial, or by written agreement among the insured, the other person, and **us**, then whoever obtains this judgment or agreement against an insured person, may sue **us** up to the limits of this policy. However, no one has the right to join **us** in a suit to determine legal responsibility.

The bankruptcy or insolvency of an insured person or that person's estate won't relieve **us** of any obligation.

## What To Do In Case Of An Auto Accident Or Claim

If an insured person has an **auto** accident, **we** must be informed promptly of all details. If an insured person is sued as the result of an **auto** accident, **we** must be informed immediately.

# Part II—Medical And Hospital Benefits- Coverage VC

**We** will pay to or on the behalf of an **injured person** all reasonable and necessary expenses incurred within 24 months after the date of the accident for medical treatment, products, and services actually rendered or furnished.

Ambulance, hospital, medical, dental, surgical, nursing, funeral expenses and prosthetic services are covered. Treatment and services rendered in accordance with a recognized religious method of healing are also covered. Payments will be made only when **bodily injury** is caused by an accident arising from the use of a **motor vehicle** as a **motor vehicle**. Expenses for hospital room accommodations are limited to semiprivate room rates.

The time period for necessary treatment, products and services actually rendered or furnished will be extended to five years from the date of the accident if the amount of insurance shown on the Policy Declarations for this coverage is more than $5,000.

## Definitions

1. **We, Us**, or **Our**—means the Company as shown on the Policy Declarations.

2. **Injured Person**—means
   a) **you** or a **resident** relative who sustains bodily injury, sickness, disease, or death arising out of the use of a **motor vehicle**.
   b) any other person who sustains bodily injury, sickness, disease or death while in, on, getting into or out of, or when struck as a **pedestrian** by the **insured motor vehicle**.

3. **Insured Motor Vehicle**—means a **motor vehicle**
   a) **you** own, and
   b) to which the bodily injury liability coverage of this policy applies, and for which a specific premium is charged, and
   c) for which Coverage VC is indicated as applicable on the Policy Declarations.

4. **Motor Vehicle**—means a land motor vehicle or trailer operated or designed for use on public roads.

5. **Pedestrian**—means any person not in, on, getting into or out of a **motor vehicle** or a machine operated by a motor or engine, other than a motorcycle, motorized bicycle or similar vehicle.

6. **Resident**—means the physical presence in **your** household with the intention to continue living there.

7. **You** or **Your**—means the policyholder named on the declarations page.

8. **Bodily Injury**—means bodily injury, sickness, disease or death, except that bodily injury does not include:
   a) any venereal disease;
   b) herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV);
   or any related or resulting symptoms, effect, condition, disease or illness.

## Exclusions—What Is Not Covered

This coverage does not apply to bodily injury, sickness, disease or death

1. to any person, other than **you** or a **resident** relative, if that person is entitled to similar direct first party benefits as a named insured or additional insured under any other automobile liability insurance policy.

2. to any person while in, on, getting into or out of, or when a **pedestrian** struck by a **motor vehicle** owned by **you** or

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **8** of 21

available for **your** regular use, which is not an **insured motor vehicle**.

3. to any **resident** relative arising from the use of a **motor vehicle** owned by or available for the regular use of that **resident** relative, which is not an **insured motor vehicle**.

4. or benefits to any person, or that person's personal representative, if that person's conduct contributed to the bodily injury, sickness, disease or death sustained
   a) through intentionally causing a self-injury, or
   b) while committing a felony, or while seeking to elude lawful apprehension or arrest by a law enforcement official.

5. to any person while in, on, getting into or out of an **insured motor vehicle** while it is being used to carry persons or property for a charge.

6. sustained by any person in the course of that person's occupation while engaged in duties incidental to
   a) the operation, loading or unloading of a vehicle used to carry persons or property for a charge, or a commercial motor vehicle.
   b) service as an assistant on a vehicle used to carry persons or property for a charge, or a commercial motor vehicle.
   c) the repair or servicing of **motor vehicles**.

7. to any person arising from the use of a **motor vehicle** as a residence or premises.

8. due to war, insurrection, rebellion or revolution.

9. resulting from radioactive, toxic, explosive, or other hazardous properties of nuclear material.

## Unreasonable Or Unnecessary Medical Expenses

If the insured person incurs medical expenses which are unreasonable or unnecessary, **we** may refuse to pay for those medical expenses and contest them. Unreasonable medical expenses are fees for medical services which are substantially higher than the usual and customary charges for those services. Unnecessary medical expenses are fees for medical services which are not usually and customarily performed for treatment of the injury, including fees for an excessive number, amount, or duration of medical services.

If the insured person is sued by a medical services provider because **we** refuse to pay contested medical expenses, **we** will pay all defense costs and any resulting judgment against

the insured person. **We** will choose the counsel. The insured person must cooperate with **us** in the defense of any claim or lawsuit. If **we** ask the insured person to attend hearings or trials, **we** will pay up to $50 per day for loss of wages or salary. **We** will also pay other reasonable expenses incurred as a result of **our** request.

## Limits Of Liability

The limit of **our** liability for Medical And Hospital Benefits is shown on the Policy Declarations. This is the maximum **we** will pay for any **injured person** for any one **motor vehicle** accident, regardless or the number of vehicles insured under this or other policies.

If an **injured person** dies as a result of a covered **motor vehicle** accident, **we** will pay the least of the following as a funeral expenses benefit:
1. $5,000; or

2. the remaining portion of the Medical and Hospital Benefits–Coverage VC limit of liability not expended for other covered medical expenses.

The funeral service expenses benefit does not increase, and will not be paid in addition to, the limits of liability stated on the Policy Declarations for Coverage VC. This benefit is payable to the deceased **injured person's** spouse if a **resident** of the same household at the time of the accident.

However, if the deceased **injured person** is a minor, the benefit is payable to either parent if that parent is a **resident** of the same household at the time of the accident. In all other cases, the benefit is payable to the deceased **injured person's** estate.

Damages payable under this coverage will be reduced by all amounts paid, payable, or required to be provided under any workers' compensation law, and any other similar automobile medical and automobile direct first party benefits.

## Notice

Written notice of the accident must be sent to **us** or one of **our** authorized agents as soon as possible, by the **injured person** or someone on that person's behalf. This notice must include the time, place, and circumstances of the accident and the identity of the **injured person**. If an **injured person** or someone on that person's behalf sues a third party to recover damages from anyone believed responsible for the injury, a copy of any summons, complaint, or other documents

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



**Allstate**
You're in good hands.

pertaining to the lawsuit must be sent to **us** as soon
as possible.

### Proof Of Claim; Medical Reports

As soon as possible, any person making claim must give **us**
written proof of claim including all details **we** may need to
determine the amount payable. **We** may also require any
person making claim to submit to questioning under oath
and sign the transcript.

The **injured person** may be required to take medical
examinations by physicians **we** choose, as often as **we**
reasonably require. **We** must be given authorization to
obtain medical reports and other records pertinent to
the claim.

### Subrogation Rights

When **we** pay, the **injured person's** rights of recovery
from anyone else become **ours**, up to the amount **we** have
paid. The **injured person** must protect these rights and
help **us** enforce them. However, **our** right to repayment is
subordinate to the insured's right to be fully compensated.

### Trust Agreement

When **we** pay any person under this coverage:
1. **We** are entitled to repayment of amounts paid by **us** and
   related collection expenses out of the proceeds of any
   judgment or settlement that person recovers from any
   responsible party or insurer. **We** are entitled to recovery
   only after the person has been fully compensated.

2. All rights of recovery against any responsible party
   or insurer must be maintained and preserved for
   **our** benefit.

3. Any legal expenses incurred by the **injured person** or
   **us** or both, whether incurred in an action for damages
   or otherwise, will be shared by the **injured person** and
   **us** in the proportion that each party benefits from
   the recovery.

### Non-Duplication Of Benefits

Regardless of the number of **motor vehicles** insured, or
the provisions of any other insurance provided under this
or any other automobile insurance policy, or laws providing
for automobile first party benefits without regard to fault
for motor or other vehicle accidents, no person may recover
duplicate benefits for medical and hospital benefits.

### Action Against Us

No one may sue **us** under this coverage unless there is full
compliance with all the policy terms.

## Part III—Accidental Death Benefits–Coverage VM

**We** will pay accidental death benefits to the personal
representative of the deceased **injured person** if death
occurs within one year from the date of the accident.
Payment will be made only when death is the result of
bodily injury, sickness, or disease caused by an accident
arising from the use of a **motor vehicle** as a **motor vehicle**.

### Definitions

1. **We, Us**, or **Our**—means the Company as shown on the
   Policy Declarations.

2. **Injured Person**—means
   a) **you** or a **resident** relative who sustains bodily injury,
      sickness, disease, or death arising out of the use of a
      **motor vehicle**.
   b) any other person who sustains bodily injury,
      sickness, disease or death while in, on, getting into or
      out of, or when struck as a **pedestrian** by the **insured
      motor vehicle**.

3. **Insured Motor Vehicle**—means a **motor vehicle**
   a) **you** own, and
   b) to which the bodily injury liability coverage of this
      policy applies, and for which a specific premium is
      charged, and
   c) for which Coverage VM is indicated as applicable
      on the Policy Declarations.

4. **Motor Vehicle**—means a land motor vehicle or trailer
   operated or designed for use on public roads.

5. **Pedestrian**—means any person not in, on, getting into or
   out of a **motor vehicle** or a machine operated by a motor
   or engine, other than a motorcycle, motorized bicycle or
   similar vehicle.

6. **Resident**—means the physical presence in **your**
   household with the intention to continue living there.

7. **You** or **Your**—means the policyholder named on the
   Policy Declarations.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **10** of 21

8. **Bodily Injury**—means bodily injury, sickness, disease or death, except that bodily injury does not include:
   a) any venereal disease;
   b) herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV);
   or any related or resulting symptoms, effect, condition, disease or illness.

## Exclusions—What Is Not Covered

This coverage does not apply to death sustained by

1. any person, if similar direct first party benefits are payable on behalf of that person as a named insured or additional insured under any other automobile liability insurance policy. This exclusion does not apply to **you** or a **resident** relative.

2. any person while in, on, getting into or out of, or when a **pedestrian** struck by a **motor vehicle** owned by **you** or available for **your** regular use, which is not an **insured motor vehicle**.

3. to any **resident** relative arising from the use of a **motor vehicle** owned by or available for the regular use of that **resident** relative, which is not an **insured motor vehicle**.

4. any person, if that person's conduct contributed to the death sustained
   a) as the result of an intentionally caused self-injury, or
   b) while committing a felony, or while seeking to elude lawful apprehension or arrest by a law enforcement official.

5. any person while in, on, getting into or out of an **insured motor vehicle** while it is being used to carry persons or property for a charge.

6. any person in the course of that person's occupation while engaged in duties incidental to
   a) the operation, loading or unloading of a vehicle used to carry persons or property for a charge, or a commercial motor vehicle.
   b) service as an assistant on a vehicle used to carry persons or property for a charge, or a commercial motor vehicle.
   c) the repair or servicing of **motor vehicles**.

7. any person arising from the use of a **motor vehicle** as a residence or premises.

8. due to war, insurrection, rebellion or revolution.

9. any person resulting from radioactive, toxic, explosive, or other hazardous properties of nuclear material.

## Limits Of Liability

The limit of **our** liability for Accidental Death Benefits is shown on the Policy Declarations. This is the maximum amount **we** will pay on behalf of any deceased **injured person**, regardless of the number of vehicles insured under this or other policies.

## Notice

Written notice of the accident must be sent to **us** or one of **our** authorized agents as soon as possible, by the **injured person** or someone on that person's behalf. This notice must include the time, place, and circumstances of the accident and the identity of the **injured person**.

## Proof Of Claim; Medical Reports

As soon as possible, **we** must be given written proof of claim. It must include all details **we** may need to determine if benefits are payable.

The deceased **injured person's** representative must authorize **us** to obtain medical reports and copies of records.

## Action Against Us

No one may sue **us** under this coverage unless there is full compliance with all the policy terms.

# Part IV—Income Disability Benefits-Coverage VW

**We** will pay the following income disability benefits to or on behalf of the **injured person**. Benefits will be paid only when bodily injury, sickness or disease is caused by an accident arising from the use of a **motor vehicle** as a **motor vehicle**.

1. **Wage Loss**
   Loss of salary, wages, tips, commissions, fees, and other work or employment earnings the **injured person** would have earned had that person not been injured. Coverage begins 8 days after the date of the accident. Coverage ends on the date the **injured person** is able to return to work, or the expiration of 52 weeks from the eighth day after the accident, whichever occurs first. Coverage also ends upon the death of the **injured person**.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



**Allstate**
You're in good hands.

2. **Essential Services Expenses**
Reasonable expenses incurred by an **injured person** in obtaining from persons, other than members of the **injured person's** household, services the **injured person** would have performed without income if that person had not been injured. To be eligible for this benefit, the **injured person** may not be a wage earner at the time of the accident. Coverage begins 8 days after the date of the accident. Coverage ends on the date the **injured person** is able to perform the services, or the expiration of 52 weeks from the eighth day after the accident, whichever occurs first. Coverage also ends upon the death of the **injured person.**

## Definitions

1. **We, Us,** or **Our**—means the Company as shown on the Policy Declarations.

2. **Injured Person**—means
   a) **you** or a **resident** relative who sustains bodily injury, sickness, or disease arising out of the use of a **motor vehicle.**
   b) any other person who sustains bodily injury, sickness, or disease while in, on, getting into or out of, or when struck as a **pedestrian** by, the **insured motor vehicle.**

3. **Insured Motor Vehicle**—means a **motor vehicle**
   a) **you** own, and
   b) to which the bodily injury liability coverage of this policy applies, and for which a specific premium is charged, and
   c) for which Coverage VW is indicated as applicable on the Policy Declarations.

4. **Motor Vehicle**—means a land motor vehicle or trailer operated or designed for use on public roads.

5. **Pedestrian**—means any person not in, on, getting into or out of a **motor vehicle** or a machine operated by a motor or engine, other than a motorcycle, motorized bicycle or similar vehicle.

6. **Resident**—means the physical presence in **your** household with the intention to continue living there.

7. **You** or **Your**—means the policyholder named on the Policy Declarations.

8. **Bodily Injury**—means bodily injury, sickness, disease or death, except that bodily injury does not include:
   a) any venereal disease;
   b) herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV);
   or any related or resulting symptoms, effect, condition, disease or illness.

## Exclusions—What Is Not Covered

This coverage does not apply to bodily injury, sickness, or disease

1. to any person, other than **you** or a **resident** relative, if that person is entitled to similar direct first party benefits as a named insured or additional insured under any other automobile liability insurance policy.

2. to any person while in, on, getting into or out of, or when a **pedestrian** struck by a **motor vehicle** owned by **you** or available for **your** regular use, which is not an **insured motor vehicle.**

3. to any **resident** relative arising from the use of a **motor vehicle** owned by or available for the regular use of that **resident** relative, which is not an **insured motor vehicle.**

4. or benefits to any person, or that person's personal representative, if that person's conduct contributed to the bodily injury, sickness, or disease sustained
   a) through intentionally causing a self-injury, or
   b) while committing a felony, or while seeking to elude lawful apprehension or arrest by a law enforcement official.

5. to any person while in, on, getting into or out of an **insured motor vehicle** while it is being used to carry persons or property for a **charge.**

6. sustained by any person in the course of that person's occupation while engaged in duties incidental to
   a) the operation, loading or unloading of a vehicle used to carry persons or property for a charge or a commercial motor vehicle.
   b) service as an assistant on a vehicle used to carry persons or property for a charge, or a commercial motor vehicle.
   c) the repair or servicing of **motor vehicles.**

7. to any person arising from the use of a **motor vehicle** as a residence or premises.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **12** of 21

8.   due to war, insurrection, rebellion or revolution.

9.   resulting from radioactive, toxic, explosive, or other
     hazardous properties of nuclear material.

## Limits Of Liability
The limit of **our** liability for Income Disability Benefits is
shown on the **Policy Declarations**. This is the maximum **we**
will pay for any **injured person** for any one **motor vehicle**
accident, regardless of the number of vehicles insured
under this or other policies. **We** will not pay more than

1.   70% of loss of weekly income, **up** to the weekly amount
     shown on the Policy Declarations for Wage Loss.

2.   the weekly amount shown on the Policy Declarations
     for Essential Services Expense.

Payment for any period of less than one week will **be** based
on the number of workdays missed in proportion to the
number of days normally worked per week.

Damages payable under this coverage will be reduced by all
amounts paid, payable, or required to be provided under **any**
workers' compensation law, and any other similar automobile
medical and automobile direct first party benefits.

## Notice
Written notice of the accident must be sent to **us** or one
of **our** authorized agents as soon as possible, by the **injured
person** or someone on that person's behalf. This notice must
include the time, place, and circumstances of the accident
and the identity of the **injured person**. If an **injured person** or
someone on that person's behalf sues a third party to recover
damages from anyone believed responsible for the injury,
a copy of any summons, complaint, or other documents
pertaining to the lawsuit must be sent to **us** as soon
as possible.

## Proof Of Claim; Medical Reports
As soon as possible, any person making claim must give **us**
written proof of claim. The **injured person** may be required to
take physical examinations by physicians **we** choose, as often
as **we** reasonably require. **We** must be given authorization to
obtain medical reports and copies of records.

## Trust Agreement
When **we** pay any person under this coverage:

1.   **We** are entitled to repayment of amounts paid by **us** and
     related collection expenses out of the proceeds of any
     judgment or settlement that person recovers from any

responsible party or insurer. **We** are entitled to recovery
only after the person has been fully compensated.

2.   All rights of recovery against any responsible party
     or insurer must be maintained and preserved for
     **our** benefit.

3.   Any legal expenses incurred by the **injured person** or
     **us** or both, whether incurred in an action for damages
     or otherwise, will be shared by the **injured person** and
     **us** in the proportion that each party benefits from
     the recovery.

## Non-Duplication Of Benefits
Regardless of the number of **motor vehicles** insured, or
the provisions of any other insurance provided under this
or any other automobile insurance policy, or laws providing
for automobile first party benefits without regard to fault
for motor or other vehicle accidents, no person may recover
duplicate benefits for income disability benefits.

## Action Against Us
No one may sue **us** under this coverage unless there is full
compliance with all the policy terms.

# Part V—Uninsured Motorists
# Insurance-Coverage SS
# Underinsured Motorists Insurance-
# Coverage SU

If a limit of liability is shown on **your** Policy Declarations
for Coverage SS, **we** will pay those damages that an insured
person is legally entitled to recover from the owner or
operator of an uninsured auto because of:

1.   **bodily injury** sustained by an insured person, and

2.   **property damage**. **Property Damage** is covered only if
     a separate limit is shown on the Policy Declarations for
     Uninsured Motorists Insurance—Property Damage. The
     first $200 of **property damage** is not covered. **We** will
     not pay for **property damage** caused by an underinsured
     **motor vehicle**.

     This deductible does not apply if:
     (1)  the uninsured motorist is positively identified and
          100% at fault, and

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



**Allstate.**
You're in good hands.

(2) the vehicle involved in the accident is insured by the same policy for both collision (Coverage DD or DE) and uninsured motorist property damage.

**We** will not pay any **punitive or exemplary damages** which are damages that may be imposed to punish a wrongdoer and to deter others from similar conduct.

The **bodily injury or property damage** must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.

If a limit of liability is shown on **your** Policy Declarations for Coverage SU, **we** will pay all damages that an insured person is legally entitled to recover from the owner or operator of an underinsured auto because of **bodily injury** sustained by an insured person. The **bodily injury** must be caused by accident and arise out of the ownership, maintenance or use of an underinsured auto.

If an insured person sues a person believed responsible for the accident without **our** written consent, **we** aren't bound by any resulting judgment.

## Insured Persons
1. **You** and any **resident** relative.

2. Any person while in, on, getting into or out of **your** insured auto with **your** permission.

3. Any other person who is legally entitled to recover because of **bodily injury** to **you**, a **resident** relative, or a permitted occupant of **your** insured auto.

## An Insured Auto Is:
1. an auto described on the Policy Declarations. This includes the **motor vehicle you** replace it with. However, **you** must notify **us** within 60 days of the replacement. **You** must also pay any additional premium.

2. an auto **you** become the owner of during the policy period. This additional **motor vehicle** will be covered if **we** insure all other private passenger **motor vehicles you** own. **You** must, however, tell **us** within 60 days after **you** acquire the **motor vehicle. You** must pay any additional premium.

3. a **motor vehicle** not owned by **you** or a **resident** relative, if being temporarily used while **your** insured auto is being serviced or repaired, or if **your** insured auto is stolen or

destroyed. The **motor vehicle** must be used with the owner's permission. It can't be furnished for the regular use of **you** or any **resident** relative.

4. a **motor vehicle** not owned by **you** or a **resident** relative, if being operated by **you** with the owner's permission. The **motor vehicle** can't be furnished for the regular use of **you** or any **resident** relative.

An insured auto is not a **motor vehicle** made available for public hire by an insured person.

## An Uninsured Auto Is:
1. a **motor vehicle** which has no bodily injury or property damage liability bond or insurance policy in effect at the time of the accident.

2. a **motor vehicle** for which the insurer denies coverage, or the insurer becomes insolvent.

3. a hit-and-run **motor vehicle** which causes:
   a) **bodily injury** to an insured person by physical contact with the insured person or with a vehicle occupied by that person.
   b) **property damage** by direct physical contact with the insured auto.

   The identity of the operator or owner of the vehicle must be unknown. The accident must be reported within 24 hours or as soon as reasonably possible to the police. **We** must be notified within 30 days. If the insured person was occupying a vehicle at the time of the accident, **we** have a right to inspect it.

## An Underinsured Auto Is:
a **motor vehicle** which has a bodily injury liability bond or bodily injury liability insurance in effect and applicable at the time of the accident, but less than the applicable damages the insured person is legally entitled to recover.

## An Uninsured Auto Is Not:
a **motor vehicle** that is lawfully self-insured.

## Definitions
1. **We, Us,** or **Our**—means the Company shown on the Policy DeclarationsPolicy Declarations.

2. **Bodily Injury**—means bodily injury, sickness, disease or death.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **14** of 21

3. **Motor Vehicle**—means a land motor vehicle or trailer other than
   a) a vehicle or other equipment designed for use off public roads, while not on public roads;
   b) a vehicle operated on rails or crawler-treads; or
   c) a vehicle when used as a residence or premises.

4. **Property Damage**—means damage to or destruction of the insured auto by physical contact with the uninsured auto but does not include the loss of use of the insured auto, or damage to personal property contained in the insured auto.

5. **Resident**—means the physical presence in your household with the intention to continue living there. Unmarried dependent children while temporarily away from home will be considered residents, if they intend to continue to live in your household.

6. **You** or **Your**—means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.

7. **Punitive or Exemplary Damages**—means damages which may be imposed to punish a wrongdoer and to deter others from similar conduct.

## Exclusions—What Is Not Covered
**We** will not pay any damages an insured person is legally entitled to recover because of:

1. **bodily injury** or **property damage** sustained while in, on, getting into or out of or when struck by an uninsured or underinsured **motor vehicle** which is owned by **you** or a **resident** relative.

2. **bodily injury** or **property damage** sustained while in, on, getting into or out of a vehicle **you** own which is insured for this coverage under another policy.

3. any **punitive or exemplary damages**, regardless of any other provision.

## Limits Of Liability
1. The coverage limit shown on the Policy Declarations for:
   a. "each person" is the maximum that **we** will pay for all damages arising out of **bodily injury** to one person in any one **motor vehicle** accident, including all damages sustained by anyone else as result of that **bodily injury**.

   b. "each accident" is the maximum that **we** will pay for all damages arising out of **bodily injury** to two or more persons in any one **motor vehicle** accident. This limit is subject to the limit for "each person."

   c. "each accident" is the maximum that **we** will pay for all **property damage** arising out of any one **motor vehicle** accident. Subject to this limit, **our** limit of liability for **property damage** will be the lesser of:
      1) the actual cash value of the insured auto; or
      2) the amount necessary to repair or replace the insured auto.

2. These limits are the maximum **we** will pay for any one **motor vehicle** accident regardless of the number of:
   a. claims made;
   b. vehicles or persons shown on the Policy Declarations;
   c. vehicles involved in the accident.
   The Uninsured Motorists Coverage limits apply to each insured **motor vehicle** as shown on the Policy Declarations.

3. **We** are not obligated to make any payment for **bodily injury** under this coverage which arises out of the use of an underinsured **motor vehicle** until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been exhausted by payment of judgments or settlements.

4. Subject to the above limits of liability, damages payable will be reduced by:
   a. all amounts paid by or on behalf of the owner or operator of the uninsured or underinsured auto or anyone else responsible. This includes all sums paid under the bodily injury or property damage liability coverage of any other policy.
   b. all amounts paid under Medical and Hospital Benefits, Accidental Death Benefits, or Income Disability Benefits coverages of any other auto policy.

## If There Is Other Insurance
If the insured person was in, on, getting into or out of a vehicle **you** do not own which is insured for this coverage under another policy, this coverage will be in excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, **we** will only pay the amount by which the limit of liability of this policy exceeds the limit of liability of that policy.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



**Allstate**
You're in good hands.

When this insurance covers a substitute auto or non-owned auto, **we** will pay only after all other collectible insurance has been exhausted. However, this does not include an **auto** loaned by a duly licensed automobile dealer as a temporary substitute, with or without compensation, to **you** for use as a temporary **substitute** vehicle while **your auto** is out of use because of breakdown, repair, servicing or if the other **auto** is loaned by a duly licensed automobile dealer for use as a demonstrator vehicle. **Our** extension of uninsured and underinsured motorists coverage will be primary only to the extent of coverage to the **auto** being repaired or serviced.

If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit for uninsured motorists coverage. **We** will bear **our** proportionate share with other uninsured motorists benefits. This applies no matter how many autos or auto policies may be involved whether written by **us** or another company.

With respect to **property damage**, this coverage will be excess to any other valid and collectible insurance against **property damage**.

### Proof Of Claim; Medical Reports
As soon as possible, any person making a claim must give **us** written proof of claim. It must include all details **we** may need to determine the amounts payable. **We** may also require any person making claim to submit to questioning under oath and sign the transcript.

The insured person may be required to take medical examinations by physicians **we** choose, as often as **we** reasonably require. **We** must be given authorization to obtain medical reports and copies of records.

### Assistance And Cooperation
**We** may require the insured person to take proper action to preserve all rights to recover damages from anyone responsible for the **bodily injury** or **property damage**.

### Trust Agreement
When **we** pay any person under Uninsured Motorists Insurance–Coverage SS, **we** are entitled to repayment of amounts paid by **us** and related collection expenses out of the proceeds of any settlement or judgment that person recovers from any responsible party or insurer. **We** are entitled to recovery only after the person has been fully compensated.

### Our Payment Of Loss
Any amount due is payable to the insured person, to the parent or guardian of an injured minor, or to the spouse of any insured person who dies. However, **we** may pay any person lawfully entitled to recover the damages.

### Action Against Us
No one may sue **us** under this coverage unless there is full compliance with all the policy terms.

### If We Cannot Agree
If the insured person and **we** do not agree on that person's right to receive any damages or the amount of that person's damages, then the disagreement will be resolved in a court of competent jurisdiction. Cost, including attorney fees, are to be paid by the party incurring them.

## Part VI—Protection Against Loss To The Auto

The following coverages apply when indicated on the Policy Declarations. Additional payments, autos insured, definitions, exclusions, and other information applicable to all these coverages appear beginning on page 17.

### Auto Collision Insurance–Coverage DD
**We** will pay for direct and accidental loss to **your** insured **auto** or a non-owned **auto** (including insured loss to an attached trailer) from a collision with another object or by upset of that **auto** or trailer. The deductible amount won't be subtracted from the loss payment in collisions involving **your** insured **auto** and another **auto** insured by **us**.

### Diminishing Deductible Auto Collision Insurance– Coverage DE
If the loss is $100 or more, **we** will pay for direct and accidental loss to **your** insured **auto** or a non-owned **auto** (including insured loss to an attached trailer) from a collision with another object or by upset of that **auto** or trailer. No deductible applies to losses in excess of $100.

If the loss is between $50 and $100, **you** pay the difference between the amount of loss and $100. **We** will pay the rest of the loss up to **our** limits of liability.

If the loss is $50 or less, **we** will not make any payment.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **16** of 21

The deductible amount will not be subtracted from the loss payment in collisions involving **your** insured **auto** and another **auto** insured by **us**, even if the loss is $50 or less.

## Auto Comprehensive Insurance-Coverage HH

**we** will pay for direct and accidental loss to **your** insured **auto** or a non-owned **auto** not caused by collision. Loss caused by missiles, falling objects, **fire**, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and riot or civil commotion is covered. Glass breakage, whether or not caused by collision, and collision with a bird or animal is covered.

The deductible amount will not be subtracted from the loss payment when the loss is caused by a peril listed under Coverage HE.

## Auto Fire, Lightning And Transportation Insurance-Coverage HE

**We** will pay for direct and accidental loss to **your** insured **auto** or a non-owned **auto** due to:

1. fire or lightning.

2. smoke or smudge due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the **auto** is located.

3. stranding, sinking, burning, collision or derailment of any conveyance in or upon which the **auto** is being transported on land or on water.

## Auto Theft Insurance-Coverage HF

**We** will pay for direct and accidental loss to **your** insured **auto** or a non-owned **auto** caused by theft or larceny.

## Auto Fire, Lightning, Transportation And Theft Insurance-Coverage HG

**We** will pay for direct and accidental loss to **your** insured **auto** or a non-owned **auto** caused by any peril under Coverages HE or HF above.

## Towing And Labor Costs-Coverage JJ

**We** will pay costs for labor done at the initial place of disablement of **your** insured **auto** or a non-owned **auto**. **We** will also pay for towing made necessary by the disablement. The total limit of **our** liability for each loss is shown on the Policy Declarations.

## Rental Reimbursement Coverage-Coverage UU

If **you** have purchased **Rental Reimbursement Coverage-Coverage UU** and also have collision or comprehensive coverage under this policy and the loss involves either coverage, **we** will repay **you** for **your** cost of renting an **auto** from a rental agency or garage. **We** will not pay more than the dollar amount per day, shown on the declarations. **We** won't pay mileage charges.

If **your** insured **auto** is stolen, payment for transportation expenses will be made under the terms of paragraph 3. under **Additional Payments We Will Make**. However, the limits for this coverage will apply if they exceed the limits stated under **Additional Payments We Will Make**.

If **your** insured **auto** is disabled by a collision or comprehensive loss, coverage starts the day of the loss. If it is drivable, coverage starts the day the **auto** is taken to the garage for repairs.

Coverage ends when whichever of the following occurs first:

1. if the **auto** is disabled by a collision or comprehensive loss, completion of repairs or replacement of the **auto**;

2. if the **auto** is stolen, when **we** offer settlement or **your** **auto** is returned to use; or

3. thirty full days of coverage.

## Sound System Coverage-Coverage ZA

**We** will pay for **loss** to a permanently installed sound system, its antenna and other apparatus specifically used with the sound reproducing, recording, transmitting or receiving system. Coverage applies only to equipment permanently attached by bolts, brackets or in some other manner in any location not designed by the car's manufacturer for the installation of a radio.

This coverage applies only if **you** have comprehensive insurance under this policy. Coverage ZA makes sound systems, antennas and other apparatus specifically used with the sound system insured property under comprehensive and collision insurance.

## Tape Coverage-Coverage ZZ

**We** will pay for loss to any tapes or similar items used with **auto** sound systems. Coverage applies to property **you** or a **resident** relative own that is in or on **your** insured **auto** at the time of loss. The total limit of **our** liability for each loss is shown on the Policy Declarations.

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



**Allstate.**
You're in good hands.

This coverage applies only if **you** have comprehensive insurance under this policy. Coverage ZZ makes tapes or similar items insured properly under **your** comprehensive insurance.

## Additional Payments We Will Make

1.  **We** will **pay** up **to** $200 for loss of clothing and personal luggage, including **its** contents, belonging to **you** or a **resident** relative **while** it is in or upon **your** insured **auto**. This provision does **not** apply if the insured **auto** is a **travel-trailer**.

    This coverage applies only **when**:
    a)  the loss is caused by collision and **you** have purchased collision insurance.
    b)  the entire **auto** is stolen, and **you** have purchased comprehensive insurance.
    c)  physical damage is done to the **auto** and to the clothing and luggage caused by earthquake, explosion, falling objects, fire, lightning, or flood and **you** have purchased comprehensive insurance.

2.  **We** will repay **you** up to $10 for the cost of transportation from the place of theft of **your** insured **auto** or disablement of the **auto** to **your** destination, if
    a)  the entire **auto** is stolen and **you** have comprehensive coverage under this policy.
    b)  the **auto** is disabled by a collision or comprehensive loss, and **you** have the coverage under this policy applicable to the loss.

    This provision does not apply if the insured **auto** is a **travel-trailer**.

3.  If **you** have comprehensive insurance under this policy, **we** will repay up to $10 a day but not more than $300 for each loss for the cost of transportation when the entire **auto** is stolen. This coverage begins 48 hours after **you** report the theft to **us**, but ends when **we** offer settlement or **your auto** is returned to use.

4.  If **you** have purchased collision or comprehensive insurance under this policy, **we** will pay general average and salvage charges imposed when **your** insured **auto** is being transported.

## Insured Autos

1.  Any **auto** described on the Policy Declarations. This includes the four-wheel private passenger **auto** or **utility**

**auto you** replace it with if **you** notify **us** within 60 days of the replacement and pay the additional premium.

2.  An additional four-wheel private passenger **auto** or **utility auto you** become the owner of during the premium period. This **auto** will be covered if **we** insure all other private passenger **autos** or **utility autos you** own. **You** must, however, tell **us** within 60 days of acquiring the **auto**. **You** must pay any additional premium.

3.  A substitute four-wheel private passenger **auto** or **utility auto**, not owned by **you** or a **resident**, temporarily used with the permission of the owner while **your** insured **auto** is being serviced or repaired, or if **your** insured **auto** is stolen or destroyed.

4.  A non-owned four-wheel private passenger **auto** or **utility auto** used by **you** or a **resident** relative with the owner's permission. This **auto** must not be available or furnished for the regular use of **you** or any **resident**.

5.  A trailer while attached to an insured **auto**. This trailer must be designed for use with a private passenger **auto**. This trailer can't be used for business purposes with other than a private passenger **auto** or **utility auto**. Home, office, store, display, or passenger trailers, **travel-trailers** or **camper units** are not covered unless described on the Policy Declarations.

## Definitions

1.  **We, Us,** or **Our**—means the Company as shown on the Policy Declarations.

2.  **Auto**—means a land **motor vehicle** designed for use on public roads.

3.  **Camper unit**—means an automobile body designed for use as temporary living quarters and constructed as a demountable unit. A camper unit includes caps, toppers, canopies, and all equipment and accessories built into and forming a permanent part of the structure. However, a camper unit will not include radio or television antennas, awnings, cabanas, or equipment designed to create additional living facilities while off a highway.

4.  **Motor home**—means a self-propelled vehicle equipped, designed or used as a living quarters.

5.  **Resident**—means the physical presence in **your** household with the intention to continue living there. Unmarried dependent children temporarily away from

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **18** of 21

home will be considered residents if they intend to continue to live in **your** household.

6. **Travel-trailer**—means a trailer of the house, cabin or camping type equipped or used as a living quarters.

7. **Utility auto**—means an **auto** of the pick-up body, sedan delivery or panel truck type. This **auto** must have a rated load capacity of not more than 2,000 pounds.

8. **You** or **Your**—means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.

## Exclusions—What Is Not Covered
These coverages don't apply to:
1. loss caused intentionally by or at the direction of an insured person.

2. any **auto** used for the transportation of people or properly for a fee. This exclusion does not apply to shared-expense car pools.

3. any damage or loss resulting from any act of war, insurrection, rebellion or revolution.

4. loss to any non-owned **auto** used in auto business operations such as repairing, servicing, testing, washing, parking, storing or selling of **autos.**

5. loss due to radioactive contamination.

6. damage resulting from wear and tear, freezing, mechanical or electrical breakdown unless the damage is the burning of wiring used to connect electrical components, or the result of other loss covered by this policy.

7. tires unless stolen or damaged by fire, malicious mischief or vandalism. Coverage is provided if the damage to tires occurs at the same time and from the same cause as other loss covered by this policy.

8. loss to any sound reproducing, recording, transmitting, or receiving system located in **your auto**, including any antenna or other apparatus in or on the **auto** designed for use with the sound system, unless the system is permanently installed:
   a) in the dashboard; or
   b) in another location specifically designed by the auto manufacturer for installation of a radio.

This exclusion will not apply if Coverage ZA is purchased.

9. loss to any tapes or similar items, unless **you** have tape coverage under this policy.

10. loss to a **camper unit** whether or not mounted. This exclusion will not apply if the **camper unit** is described on the Policy Declarations.

11. loss to appliances, furniture, equipment and accessories that are not built into or forming a permanent part of a **motor home** or **travel-trailer**.

12. loss to **your** motor home or your **travel-trailer** while rented to anyone else unless a specific premium is shown on the declarations page for the rented vehicle.

## Right To Appraisal
Both **you** and **we** may agree to a voluntary, non-binding appraisal of the loss. **You** and **we** will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will choose an umpire. Each appraiser will state the actual cash value and the amount of loss. If they disagree, they'll submit their difference to an umpire. A written decision by any two of these three people will determine the amount of the loss. **We** do not waive any of **our** rights under this policy by agreeing to an appraisal.

## Our Payment Of Loss
**We** may pay for the **loss** in money, or may repair or replace the damaged or stolen property. **We** may, at any time before the loss is paid or the property is replaced, return at **our** own expense any stolen property, either to **you** or at **our** option to the address shown on the Policy Declarations, with payment for any resulting damage. **We** may take all or part of the property at the agreed or appraised value. **We** may settle any claim or loss either with **you** or the owner of the property.

## Limits Of Liability
**Our** limit of liability is the least of:
1. the actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation; or

2. the cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to,

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



Allstate.
You're in good hands.

non-original equipment manufacturers, subject to applicable state laws and regulations; or

3. $500, if the loss is to a covered trailer not described on the Policy Declarations.

Any applicable deductible amount is then subtracted.

If **we**, at **our** option, elect to pay for the cost to repair or replace the property or part, **our** liability does not include any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement. If repair or replacement results in the betterment of the property or part, **you** may be responsible, subject to applicable state laws and regulations, for the amount of the betterment.

An **auto** and attached trailer are considered separate **autos**, and **you** must pay the deductible, if any, on each. Only one deductible will apply to an **auto** with a mounted **camper unit**. If unmounted, a separate deductible will apply to the **auto** and **camper unit**.

When more than one coverage is applicable to the loss, **you** may recover under the broadest coverage but not both. However, Coverage ZA, if purchased, will provide coverage in excess of the limit for loss to **sound systems** provided under Coverage HH.

### If There Is Other Insurance
If there is other insurance covering the loss at the time of the accident, **we** will pay **our** share of any damages. **Our** share is determined by adding the limits of this insurance to the limits of all other insurance that applies on the same basis and finding the percentage total that **our** limits represent.

When this insurance covers a substitute auto or non-owned auto, **we** will pay only after all other collectible insurance has been exhausted. However, this does not include an **auto** loaned by a duly licensed automobile dealer as a temporary substitute, with or without compensation, to **you** for use as a temporary substitute vehicle while **your auto** is out of use because of breakdown, repair, servicing or if the other **auto** is loaned by a duly licensed automobile dealer for use as a demonstrator vehicle. **Our** extension of liability for physical damage to the substitute or non-owned **auto** will be primary only to the extent of coverage to the **auto** being repaired or serviced.

When this insurance covers a replacement **auto** or additional **auto**, this policy won't apply if **you** have other collectible insurance.

### Action Against Us
No one may sue **us** under this coverage unless there is full compliance with all the policy terms.

### Subrogation Rights
When **we** pay, **your** rights of recovery from anyone else become **ours** up to the amount **we** have paid. **You** must protect these rights and help **us** enforce them. However, **our** right to repayment is subordinate to the insured's right to be fully compensated.

### What You Must Do If There Is A Loss
1. As soon as possible any person making claim must give **us** written proof of loss. It must include all details reasonably required by **us**. **We** have the right to inspect the damaged property. **We** may require any person making claim to file with **us** a sworn proof of loss. **We** may also require that person to submit to examinations under oath.

2. Protect the **auto** from further loss. **We** will pay reasonable expenses to guard against further loss. if **you** don't protect the **auto**, further loss is not covered.

3. Report all theft losses promptly to the police.

### Loss Payable Clause
If a Lienholder and/or Lessor is shown on the Policy Declarations, **we** may pay loss or damage under this policy to **you** and the Lienholder and/or Lessor as its interest may appear, except:
1. Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of **you**.

2. When the vehicle(s) is intentionally damaged, destroyed or concealed by or at the direction of **you** or any owner.

3. When **you** or any owner makes fraudulent statement(s) or engages in fraudulent conduct in connection with any accident or loss for which coverage is sought.

The Lienholder and/or Lessor must notify **us** of any change in ownership or hazard that is known.

If **you** or any owner fails to render proof of loss within the time granted in the policy, the Lienholder and/or Lessor must do so within sixty days in the form and manner described in the policy. The Lienholder and/or Lessor are subject to the

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is

Page **20** of 21

provisions of the policy relating to appraisal, time of payment and bringing suit.

**We** may cancel this policy according to its terms. **We** will notify the Lienholder and/or Lessor at least ten days prior to the date of cancellation that the cancellation is effective as to the interest of the Lienholder and/or Lessor.

Whenever **we** pay the Lienholder and/or Lessor any sum for loss or damage under this policy, **we** will be subrogated to the extent of payment to the rights of the party to whom payment was made. However, these subrogation provisions must in no way impair the rights of the Lienholder and/or Lessor to recover the full amount of its claim from the insured.

The Lienholder and/or Lessor has no greater rights under the provisions of the policy than the insured.

## Index Of Policy Provisions

**Action Against Us**
liability .......................................................................7
medical and hospital benefits...................................9
accidental death benefits ........................................10
income disability benefits ........................................12
uninsured/underinsured motorists...........................15
physical damage to the auto ...................................19

**Additional Payments We Will Make**
liability .......................................................................5
physical damage to the auto ...................................17

**Assistance And Cooperation**
liability .......................................................................6
uninsured/underinsured motorists...........................15

**Cancellation** .......................................................3

**Changes**................................................................3

**Combining Limits Of Two Or More Autos Prohibited**.............3

**Definitions**
liability .......................................................................5
medical and hospital benefits...................................7
accidental death benefits ..........................................9
income disability benefits ........................................11
uninsured/underinsured motorists...........................13
physical damage to the auto ...................................17

**Duty To Report Autos**................................................3

**Exclusions—What Is Not Covered**
liability .......................................................................6
medical and hospital benefits ...................................7
accidental death benefits ........................................10
income disability benefits ........................................11
uninsured/underinsured motorists ...........................14
physical damage to the auto ...................................18

**Financial Responsibility**...........................................6

**If There Is Other Insurance**
liability .......................................................................6
uninsured/underinsured motorists ...........................14
physical damage to the auto ...................................19

**If We Cannot Agree**................................................15

**Insured Autos**
liability .......................................................................5
physical damage to the auto ...................................17

**Insured Persons**
liability .......................................................................5
uninsured/underinsured motorists ...........................13

**Insuring Agreements**
liability .......................................................................4
medical and hospital benefits ...................................7
accidental death benefits ..........................................9
income disability benefits ........................................10
uninsured/underinsured motorists ...........................12
physical damage to the auto ...................................15

**Limits Of Liability**
liability .......................................................................6
medical and hospital benefits ...................................8
accidental death benefits ........................................10
income disability benefits ........................................12
uninsured/underinsured motorists ...........................14
physical damage to the auto ...................................18

**Loss Payable Clause**
physical damage to the auto ...................................19

**Non-Duplication Of Benefits**
medical and hospital benefits ...................................9
income disability benefits ........................................12

**Notice**
medical and hospital benefits ...................................8
accidental death benefits ........................................10
income disability benefits ........................................12

Auto Policy
Policy number:
Policy effective date:
Your Allstate agency is



**Our Payment Of Loss**
uninsured/underinsured motorists.............................................. 15
physical damage to the auto ...................................................... 18

**Proof Of Claim; Medical Reports**
medical and hospital benefits...................................................... 9
accidental death benefits ...........................................................10
income disability benefits............................................................12
uninsured/underinsured motorists..............................................15

**Right To Appraisal** ......................................................................... 18

**Subrogation Rights**
medical and hospital benefits........................................................ 9
physical damage to the auto ........................................................ 19

**Trust Agreement**
medical and hospital benefits........................................................ 9
income disability benefits.............................................................12
uninsured/underinsured motorists................................................15

**Transfer** ......................................................................................... 3

**Unreasonable Or Unnecessary Medical Expenses**................. 8

**What To Do In Case Of An Auto Accident Or Claim**
liability .............................................................................................7
medical and hospital benefits(*)................................................... 9
accidental death benefits(*) .......................................................10
income disability benefits(*) .......................................................12
uninsured/underinsured motorists(*)..........................................15
physical damage to the auto ......................................................19
(*see Proof Of Claim; Medical Reports)

**When And Where The Policy Applies** ....................................... 3

**INDEX OF POLICY PROVISIONS**............................................ 20

065 016 082
13031F000000
0000000F000000065AZ0001303130044500000000000000

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

LINDSEY HUFF AND CHRIS HUFF
Plaintiffs

v.                          No. _____

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY
The Corporation Company
124 West Capitol Avenue
Suite 1900
Little Rock, AR 72201-3726

A lawsuit has been filed against you.  The relief demanded is stated
in the attached complaint.  Within 30 days after service of this
summons on you (not counting the day you received it) — or 60 days if
you are incarcerated in any jail, penitentiary, or other correctional
facility in Arkansas — you must file with the clerk of this court a
written answer to the complaint or a motion under Rule 12 of the
Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or
plaintiff's attorney, whose name and address are:

Andrew M. Taylor
TAYLOR & TAYLOR LAW FIRM, P.A.
12921 Cantrell Road, Suite 205
Little Rock, AR 72223

If you fail to respond within the applicable time period, judgment by
default may be entered against you for the relief demanded in the
complaint.

Additional Notices Included: _____

Address of Clerk's Office                    CLERK OF COURT

Pulaski County Circuit Clerk
401 W. Markham Street                        _____
Suite 100                                    [Signature of Clerk or Deputy
Little Rock, AR 72201                         Clerk]

                                             Date: _____

    [SEAL]

**No.   This summons is for *Allstate Property and Casualty Insurance Company*.**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with
_____
___ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:


My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____      SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
        [signature of server]

_____
        [printed name, title, and badge number]

   **To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
        [signature of server]

        _____
        [printed name]

 Address: _____

        Phone: _____

Subscribed and sworn to before me this date: _____

        Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:
   _____
   _____



Arkansas Judiciary

**Case Title:**     LINDSEY HUFF ET AL V ALLSTATE PROPERTY AND
                    CASUALT
**Case Number:**    60CV-19-2287

**Type:**           SUMMONS - FILER PREPARED

So Ordered

Christy R McDaniel

Christy McDaniel

Electronically signed by CRMCDANIEL on 2019-04-05 11:40:24     page 5 of 5

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Apr-16  10:26:36
60CV-19-2287
C06D12 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 12TH DIVISION

**LINDSEY HUFF AND CHRIS HUFF**                                        **PLAINTIFFS**

**vs.**                                     **CASE NO. 60CV-19-2287**

**ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY**                                                  **DEFENDANT**

## AFFIDAVIT OF SERVICE

I, Andrew M. Taylor, attorney for the Plaintiffs herein, do hereby state and allege that the following facts are true and correct to the best of my information, knowledge, and belief:

1.      Pursuant to Rule 4(g)(1)(a)(i) of the Arkansas Rules of Civil Procedure, I mailed a copy of the Summons, Complaint, and Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant to the Defendant, Allstate Property and Casualty Insurance Company, via Certified Mail, with return receipt requested.

2.      I received the return receipt, acknowledging receipt and acceptance of the Summons, Complaint, and Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant on April 11, 2019. *See* Exhibit A.

3.      Pursuant to Rule 4(g)(1)(a)(i) of the Arkansas Rules of Civil Procedure, I have perfected Service of Process on the above-named Defendant.



Andrew M. Taylor

## VERIFICATION

Subscribed and sworn to before me, a Notary Public, on this the 16th day of April, 2019.

NOTARY PUBLIC

My Commission Expires:

9-19-21



Respectfully submitted,
LINDSEY HUFF AND CHRIS HUFF,
*Plaintiffs*

BY: */s/ Andrew M. Taylor*

TAYLOR & TAYLOR LAW FIRM, P.A.
Andrew M. Taylor, Ark. Bar No. 2005147
Tasha C. Taylor, Ark. Bar No. 2005148
12921 Cantrell Road, Suite 205
Little Rock, AR 72223
Phone: (501) 246-8004
Fax:     (501) 246-8009
Email: Andy@TaylorLawFirm.com
        Tasha@TaylorLawFirm.com

*Attorneys for Plaintiffs*

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Property and
Casualty Company
The Corporation Company
124 W. Capitol Ave., #1900
Little Rock, AR 72201

9590 9402 2469 6306 7509 09

2. Article Number *(Transfer from service label)*

7016 2140 0000 8044 6980

PS Form **3811**, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

**CT CORPORATION**

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

APR 11 2019

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

**EXHIBIT**

**A**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**USPS TRACKING #**



9590 9402 2469 6306 7509 09

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

● Sender: Please print your name, address, and ZIP+4® in this box●

Taylor & Taylor Law Firm
12921 Cantrell Rd, #205
Little Rock, AR 72223

Huff

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-May-07  14:51:58
60CV-19-2287
C06D12 : 11 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

LINDSEY HUFF AND CHRIS HUFF                                    PLAINTIFFS

V.                                         NO. 60CV-19-2287

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                              DEFENDANT

## ANSWER

COMES NOW Defendant, Allstate Property and Casualty Insurance Company, by and

through its attorneys, Barber Law Firm PLLC, and for its Answer to the Complaint of Plaintiffs,

Lindsey Huff and Chris Huff, states:

## JURISDICTION AND VENUE

1.      That Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained within Paragraph 1 of Plaintiffs' Complaint and,

therefore, denies the same;

2.      That Defendant admits the allegations contained within Paragraph 2 of Plaintiffs'

Complaint;

3.      That Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained within Paragraph 3 of Plaintiffs' Complaint and,

therefore, denies the same;

4.      That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same;

5.      That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same;

6.      That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same;

## FACTS

7.      That, in response to Paragraph 7 of Plaintiffs' Complaint, Defendant admits an incident occurred on or about December 29, 2016, on US Highway 64 near Sunny Gap Road in Faulkner County, Arkansas, involving vehicles driven by Plaintiff, Lindsey Huff, and non-party, Theresa Huffington; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same;

8.      That, in response to Paragraph 8 of Plaintiffs' Complaint, Defendant admits an incident occurred on US Highway 64 involving vehicles driven by Plaintiff, Lindsey Huff, and non-party, Theresa Huffington; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same;

2

9.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 9 of Plaintiffs' Complaint and, therefore, denies the same;

10.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10 of Plaintiffs' Complaint and, therefore, denies the same;

11.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of Plaintiffs' Complaint and, therefore, denies the same;

12.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of Plaintiffs' Complaint and, therefore, denies the same;

13.     That Paragraph 13 of Plaintiffs' Complaint, including subparts A through I, contains no allegations directed toward Defendant and, therefore, requires no response; that, to the extent the allegations contained within Paragraph 13 of Plaintiffs' Complaint, including subparts A through I, may be deemed as being directed toward Defendant, those allegations are denied;

14.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 14 of Plaintiffs' Complaint, including subparts A through M, and, therefore, denies the same and demands strict proof thereof;

15.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same;

16.     That Defendant admits the allegations contained within Paragraph 16 of Plaintiffs' Complaint;

17.     That, in response to Paragraph 17 of Plaintiffs' Complaint, Defendant admits Allstate Property and Casualty Company issued an Auto Policy to Separate Plaintiff, Chris Huff, with the policy number being 0945291169;

18.     That, in response to Paragraph 18 of Plaintiffs' Complaint, Defendant admits Allstate Property and Casualty Company issued an Auto Policy to Separate Plaintiff, Chris Huff, with the policy number being 0945291169 and that said policy had an effective policy period beginning November 15, 2016, through May 15, 2017;

19.     That, in response to Paragraph 19 of Plaintiffs' Complaint, Defendant states that Separate Plaintiff, Lindsey Huff, is a listed driver on the policy;

20.     That, in response to Paragraph 20 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "A" to their Complaint a redacted copy of the auto policy declarations, which document speaks for itself, and, to the extent the allegations contained in Paragraph 20 of Plaintiffs' Complaint are inconsistent with that document, those allegations are denied;

21.     That, in response to Paragraph 21 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "A" to their Complaint a redacted copy of the auto policy declarations, which document speaks for itself, and, to the extent the allegations contained in Paragraph 21 of Plaintiffs' Complaint are inconsistent with that document, those allegations are denied;

22.     That Defendant admits the allegations contained within Paragraph 22 of Plaintiffs' Complaint;

4

23.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 23 of Plaintiffs' Complaint and, therefore, denies the same;

24.     That, in response to Paragraph 24 of Plaintiffs' Complaint, Defendant states that Allstate Property and Casualty Insurance Company agreed to waive its right of subrogation and allow Plaintiffs to settle with the tortfeasor's liability insurer; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 24 of Plaintiffs' Complaint and, therefore, denies the same;

25.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 25 of Plaintiffs' Complaint and, therefore, denies the same;

26.     That, in response to Paragraph 26 of Plaintiffs' Complaint, Defendant admits Plaintiffs have made demand upon Allstate Property and Casualty Insurance Company for the underinsured motorists insurance coverage limits; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 26 of Plaintiffs' Complaint and, therefore, denies the same;

27.     That, in response to Paragraph 27 of Plaintiffs' Complaint, Defendant admits Allstate Property and Casualty Insurance Company did not tender the underinsured motorists insurance coverage limits and offered to negotiate a reasonable amount to compensate Separate Plaintiff, Lindsey Huff, for her claim for injuries and damages;

28.     That, in response to Paragraph 28 of Plaintiffs' Complaint, Defendant states Allstate Property and Casualty Insurance Company offered to negotiate a reasonable amount to compensate Separate Plaintiff, Lindsey Huff, for her claim for injuries and damages; that

5

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 28 of Plaintiffs' Complaint and, therefore, denies the same;

## CAUSE OF ACTION #1 – BREACH OF CONTRACT

29.      That, in response to Paragraph 29 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "A" to their Complaint a redacted copy of the auto policy declarations, which document speaks for itself, and, to the extent the allegations contained in Paragraph 29 of Plaintiffs' Complaint are inconsistent with that document, those allegations are denied;

30.      That, in response to Paragraph 30 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "B" to their Complaint a sample copy of the Auto Policy, which document speaks for itself, and, to the extent the allegations contained in Paragraph 30 of Plaintiffs' Complaint are inconsistent with the language in that document, those allegations are denied;

31.      That Defendant denies the allegations contained within Paragraph 31 of Plaintiffs' Complaint and demands strict proof thereof;

32.      That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 32 of Plaintiffs' Complaint and, therefore, denies the same;

33.      That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 33 of Plaintiffs' Complaint and, therefore, denies the same;

6

34.     That Defendant denies the allegations contained within Paragraph 34 of Plaintiffs' Complaint;

35.     That Defendant denies the allegations contained within Paragraph 35 of Plaintiffs' Complaint;

## CAUSE OF ACTION #2 – BAD FAITH

36.     That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 36 of Plaintiffs' Complaint and, therefore, denies the same;

37.     That Defendant denies the allegations contained within Paragraph 37 of Plaintiffs' Complaint;

38.     That Defendant denies the allegations contained within Paragraph 38 of Plaintiffs' Complaint;

39.     That Defendant denies the allegations contained within Paragraph 39 of Plaintiffs' Complaint;

40.     That Defendant denies the allegations contained within Paragraph 40 of Plaintiffs' Complaint;

41.     That Defendant denies the allegations contained within Paragraph 41 of Plaintiffs' Complaint;

42.     That Defendant denies the allegations contained within Paragraph 42 of Plaintiffs' Complaint;

## AMOUNT OF DAMAGES
## (FOR JURISDICTIONAL PURPOSES UNDER Ark. Code Ann. § 16-63-221)

43.     That Defendant denies the allegations contained within Paragraph 43 of Plaintiffs' Complaint and demands strict proof thereof;

## DEMAND FOR TRIAL BY JURY

44.     That, in response to Paragraph 44 of Plaintiffs' Complaint, Defendant concurs with Plaintiffs and respectfully requests a trial by jury on all issues of fact arising herein;

## PRESERVATION OF ADDITIONAL CLAIMS

45.     That, in response to Paragraph 45 of Plaintiffs' Complaint, Defendant reserves the right to amend its Answer herein and plead further pending the completion of discovery;

## PRAYER FOR RELIEF

46.     That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 46 of Plaintiffs' Complaint;

47.     That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 47 of Plaintiffs' Complaint;

48.     That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 48 of Plaintiffs' Complaint;

49.     That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 49 of Plaintiffs' Complaint;

50.     That Defendant denies Plaintiffs are entitled to the damages set forth in the "WHEREFORE" clause of Plaintiffs' Complaint;

51.     That Defendant denies all other allegations contained within Plaintiffs' Complaint not, specifically, admitted herein;

## AFFIRMATIVE DEFENSES

52.     That, pleading affirmatively, Plaintiffs' Complaint should be dismissed pursuant to Ark. R. Civ. P. Rule 12(b)(6) for failure to state facts upon which relief can be granted;

53.     That, pleading affirmatively, Plaintiffs' Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(1), (2), and (3) for lack of jurisdiction over the subject matter and person and improper venue;

54.     That, pleading affirmatively, Defendant pleads any and all defenses which may be applicable pursuant to Ark. R. Civ. P. Rule 8(c), including, but not limited to, arbitration and award, estoppel, failure of consideration, laches, payment, release, set-off, statute of limitations, and waiver;

55.     That, pleading affirmatively, Defendant states Plaintiffs are not entitled to an award of punitive damages and that such an award is in violation of the Due Process Clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Arkansas Constitution in that:

(a) said damages are intended to punish and deter defendants, and, thus, this proceeding is essentially criminal in nature;

(b) in assessing such penalty or exemplary award, plaintiffs need only prove the theory of gross negligence on a preponderance of the evidence standard and not a "beyond a reasonable doubt," as should be required in assessing a punishment award;

(c) such awards are unduly vague and do not meet the requirements of due process in that punitive and exemplary damages are not based on a clearly defined statutory enactment setting forth specific requirements; and

(d) defendants are subjected to all the hazards and risks of what amounts to a fine; and, in fact, such awards often exceed nominal criminal fines, but defendants receive none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

9

56.     That, pursuant to Ark. Code Ann. §16-55-211, and, in the event the fact finder first determines Plaintiffs are entitled to compensatory damages, Defendant requests a bifurcated proceeding so that the fact finder may then determine whether and in what amount punitive damages will be awarded;

WHEREFORE, Defendant, Allstate Property and Casualty Insurance Company, prays the Complaint of Plaintiffs, Lindsey Huff and Chris Huff, be dismissed; for a trial by jury on all issues of fact arising herein; for its attorneys' fees and costs expended herein; and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email:  ccunningham@barberlawfirm.com

BY: _____
        J. Cotten Cunningham, AR BIN 97238

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using eFlex, the Arkansas Judiciary electronic filing system, with the Clerk of Court of Pulaski County Circuit Court, who shall send notification of such filing to the below counsel and, therefore, a true and correct copy of the foregoing has been served on this, the 7th day of May, 2019, upon Plaintiffs' counsel:

andy@taylorlawfirm.com
Andrew M. Taylor, Esq.
tasha@taylorlawfirm.com
Tasha C. Taylor, Esq.
12921 Cantrell Road, Suite 205
Little Rock, Arkansas 72223

J. Cotten Cunningham

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LINDSEY HUFF AND CHRIS HUFF                                    PLAINTIFFS

V.

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                              DEFENDANT

# EXHIBIT B TO
# NOTICE OF REMOVAL

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

LINDSEY HUFF AND CHRIS HUFF                                    PLAINTIFFS

V.                                  NO. 60CV-19-2287

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                              DEFENDANT

## NOTICE OF REMOVAL

COMES NOW Defendant, Allstate Property and Casualty Insurance Company, by and

through its attorneys, Barber Law Firm PLLC, and makes this Notice of Removal, stating:

1.      That, on this, the 8th day of May, 2019, Defendant caused to be filed a Notice of

Removal in the United States District Court for the Eastern District of Arkansas, Little Rock

Division, pursuant to 28 U.S.C. §§ 1441 and 1446, a copy of which is attached hereto as Exhibit

"1". Please accept this Notice of Removal as written notice to the Circuit Court of Pulaski

County and to Plaintiff of removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email:  ccunningham@barberlawfirm.com

BY: _____
J. Cotten Cunningham, AR BIN 97238

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using eFlex, the Arkansas Judiciary electronic filing system, with the Clerk of Court of Pulaski County Circuit Court, who shall send notification of such filing to the below counsel and, therefore, a true and correct copy of the foregoing has been served on this, the 8th day of May, 2019, upon Plaintiffs' counsel:

andy@taylorlawfirm.com
Andrew M. Taylor, Esq.
tasha@taylorlawfirm.com
Tasha C. Taylor, Esq.
12921 Cantrell Road, Suite 205
Little Rock, Arkansas 72223

J. Cotten Cunningham

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

LINDSEY HUFF AND CHRIS HUFF                                    PLAINTIFFS

V.                              NO. 60CV-19-2287

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                             DEFENDANT

# EXHIBIT 1 TO
# NOTICE OF REMOVAL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LINDSEY HUFF AND CHRIS HUFF                                    PLAINTIFFS

V.                          NO. _____

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                              DEFENDANT

## NOTICE OF REMOVAL

COMES NOW the Defendant, Allstate Property and Casualty Insurance Company, by

and through its attorneys, Barber Law Firm PLLC, and makes this Notice of Removal, stating:

1.      That, on or about April 5, 2019, an action was commenced in the Circuit Court of

Pulaski County, Arkansas, styled *Lindsey Huff and Chris Huff v. Allstate Property and Casualty*

*Insurance Company*, and was assigned docket number 60CV-19-2287; that, in compliance with

28 U.S.C. § 1446(a), true and correct copies of all known process and pleadings filed with the

Circuit Court Clerk are attached hereto and marked collectively as Exhibit "A";

2.      That the above-described action is a civil action, which may be removed to this

Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, in that it is a civil

action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest

and costs, and is between citizens and entities of different states. 28 U.S.C. §1332(a);

3.      That, for the foregoing reasons, this action is one in which this Court would have

original jurisdiction pursuant to 28 U.S.C. §1332;

4.      That Defendant's Notice of Removal is being timely filed within thirty (30) days

of actual service of the Summons and Complaint;

5.      That Plaintiffs, Lindsey Huff and Chris Huff, are residents of Vilonia, Faulkner County, Arkansas, for diversity purposes;

6.      That Defendant, Allstate Property and Casualty Insurance Company, is a foreign corporation organized under the laws of the State of Illinois and with its principal place of business in Northbrook, Illinois;

7.      That, in light of the above, complete diversity exists in this cause;

8.      That, in compliance with 28 U.S.C. § 1446(d), notice of this removal has been given to the Circuit Court of Pulaski County, Arkansas, as well as to Plaintiff, by the filing and service of a Notice of Removal, a copy of which is attached hereto as Exhibit "B";

9.      That this action, previously pending in the Circuit Court of Pulaski County, Arkansas, has been removed therefrom to this Court.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
501-372-6175
Email:  ccunningham@barberlawfirm.com


BY:     _/s/ J. Cotten Cunningham_____
        J. Cotten Cunningham, AR BIN 97238

2

## Verification by J. Cotten Cunningham

I hereby state under oath that the statements set forth in the foregoing Petition are true and correct to the best of my knowledge, information and belief.

J. Cotten Cunningham

**STATE OF ARKANSAS** )
                       )ss.   **VERIFICATION**
**COUNTY OF** Pulaski   )

SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, on this, the 8th day of May, 2019.

NOTARY PUBLIC
My Commission Expires: August 18, 2023

SUSAN MINOR
PULASKI COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires August 18, 2023
Commission No. 12394878

3

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 8th day of May, 2019, a copy of the above and foregoing pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

andy@taylorlawfirm.com
Andrew M. Taylor, Esq.
tasha@taylorlawfirm.com
Tasha C. Taylor, Esq.
12921 Cantrell Road, Suite 205
Little Rock, Arkansas 72223

/s/ J. Cotten Cunningham
J. Cotten Cunningham

4