ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-May-07 14:51:58
60CV-19-2287
C06D12 : 11 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

LINDSEY HUFF AND CHRIS HUFF                                      PLAINTIFFS

V.                         NO. 60CV-19-2287

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                 DEFENDANT

## ANSWER

COMES NOW Defendant, Allstate Property and Casualty Insurance Company, by and through its attorneys, Barber Law Firm PLLC, and for its Answer to the Complaint of Plaintiffs, Lindsey Huff and Chris Huff, states:

### JURISDICTION AND VENUE

1. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same;

2. That Defendant admits the allegations contained within Paragraph 2 of Plaintiffs' Complaint;

3. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same;

4. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same;

5. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same;

6. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same;

## FACTS

7. That, in response to Paragraph 7 of Plaintiffs' Complaint, Defendant admits an incident occurred on or about December 29, 2016, on US Highway 64 near Sunny Gap Road in Faulkner County, Arkansas, involving vehicles driven by Plaintiff, Lindsey Huff, and non-party, Theresa Huffington; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same;

8. That, in response to Paragraph 8 of Plaintiffs' Complaint, Defendant admits an incident occurred on US Highway 64 involving vehicles driven by Plaintiff, Lindsey Huff, and non-party, Theresa Huffington; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same;

9. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 9 of Plaintiffs' Complaint and, therefore, denies the same;

10. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10 of Plaintiffs' Complaint and, therefore, denies the same;

11. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of Plaintiffs' Complaint and, therefore, denies the same;

12. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of Plaintiffs' Complaint and, therefore, denies the same;

13. That Paragraph 13 of Plaintiffs' Complaint, including subparts A through I, contains no allegations directed toward Defendant and, therefore, requires no response; that, to the extent the allegations contained within Paragraph 13 of Plaintiffs' Complaint, including subparts A through I, may be deemed as being directed toward Defendant, those allegations are denied;

14. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 14 of Plaintiffs' Complaint, including subparts A through M, and, therefore, denies the same and demands strict proof thereof;

15. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same;

16. That Defendant admits the allegations contained within Paragraph 16 of Plaintiffs' Complaint;

17. That, in response to Paragraph 17 of Plaintiffs' Complaint, Defendant admits Allstate Property and Casualty Company issued an Auto Policy to Separate Plaintiff, Chris Huff, with the policy number being 0945291169;

18. That, in response to Paragraph 18 of Plaintiffs' Complaint, Defendant admits Allstate Property and Casualty Company issued an Auto Policy to Separate Plaintiff, Chris Huff, with the policy number being 0945291169 and that said policy had an effective policy period beginning November 15, 2016, through May 15, 2017;

19. That, in response to Paragraph 19 of Plaintiffs' Complaint, Defendant states that Separate Plaintiff, Lindsey Huff, is a listed driver on the policy;

20. That, in response to Paragraph 20 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "A" to their Complaint a redacted copy of the auto policy declarations, which document speaks for itself, and, to the extent the allegations contained in Paragraph 20 of Plaintiffs' Complaint are inconsistent with that document, those allegations are denied;

21. That, in response to Paragraph 21 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "A" to their Complaint a redacted copy of the auto policy declarations, which document speaks for itself, and, to the extent the allegations contained in Paragraph 21 of Plaintiffs' Complaint are inconsistent with that document, those allegations are denied;

22. That Defendant admits the allegations contained within Paragraph 22 of Plaintiffs' Complaint;

23. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 23 of Plaintiffs' Complaint and, therefore, denies the same;

24. That, in response to Paragraph 24 of Plaintiffs' Complaint, Defendant states that Allstate Property and Casualty Insurance Company agreed to waive its right of subrogation and allow Plaintiffs to settle with the tortfeasor's liability insurer; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 24 of Plaintiffs' Complaint and, therefore, denies the same;

25. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 25 of Plaintiffs' Complaint and, therefore, denies the same;

26. That, in response to Paragraph 26 of Plaintiffs' Complaint, Defendant admits Plaintiffs have made demand upon Allstate Property and Casualty Insurance Company for the underinsured motorists insurance coverage limits; that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 26 of Plaintiffs' Complaint and, therefore, denies the same;

27. That, in response to Paragraph 27 of Plaintiffs' Complaint, Defendant admits Allstate Property and Casualty Insurance Company did not tender the underinsured motorists insurance coverage limits and offered to negotiate a reasonable amount to compensate Separate Plaintiff, Lindsey Huff, for her claim for injuries and damages;

28. That, in response to Paragraph 28 of Plaintiffs' Complaint, Defendant states Allstate Property and Casualty Insurance Company offered to negotiate a reasonable amount to compensate Separate Plaintiff, Lindsey Huff, for her claim for injuries and damages; that

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 28 of Plaintiffs' Complaint and, therefore, denies the same;

### CAUSE OF ACTION #1 – BREACH OF CONTRACT

29. That, in response to Paragraph 29 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "A" to their Complaint a redacted copy of the auto policy declarations, which document speaks for itself, and, to the extent the allegations contained in Paragraph 29 of Plaintiffs' Complaint are inconsistent with that document, those allegations are denied;

30. That, in response to Paragraph 30 of Plaintiffs' Complaint, Defendant admits Plaintiffs attached as Exhibit "B" to their Complaint a sample copy of the Auto Policy, which document speaks for itself, and, to the extent the allegations contained in Paragraph 30 of Plaintiffs' Complaint are inconsistent with the language in that document, those allegations are denied;

31. That Defendant denies the allegations contained within Paragraph 31 of Plaintiffs' Complaint and demands strict proof thereof;

32. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 32 of Plaintiffs' Complaint and, therefore, denies the same;

33. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 33 of Plaintiffs' Complaint and, therefore, denies the same;

34. That Defendant denies the allegations contained within Paragraph 34 of Plaintiffs' Complaint;

35. That Defendant denies the allegations contained within Paragraph 35 of Plaintiffs' Complaint;

## CAUSE OF ACTION #2 – BAD FAITH

36. That Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 36 of Plaintiffs' Complaint and, therefore, denies the same;

37. That Defendant denies the allegations contained within Paragraph 37 of Plaintiffs' Complaint;

38. That Defendant denies the allegations contained within Paragraph 38 of Plaintiffs' Complaint;

39. That Defendant denies the allegations contained within Paragraph 39 of Plaintiffs' Complaint;

40. That Defendant denies the allegations contained within Paragraph 40 of Plaintiffs' Complaint;

41. That Defendant denies the allegations contained within Paragraph 41 of Plaintiffs' Complaint;

42. That Defendant denies the allegations contained within Paragraph 42 of Plaintiffs' Complaint;

## AMOUNT OF DAMAGES
## (FOR JURISDICTIONAL PURPOSES UNDER Ark. Code Ann. § 16-63-221)

43. That Defendant denies the allegations contained within Paragraph 43 of Plaintiffs' Complaint and demands strict proof thereof;

## DEMAND FOR TRIAL BY JURY

44. That, in response to Paragraph 44 of Plaintiffs' Complaint, Defendant concurs with Plaintiffs and respectfully requests a trial by jury on all issues of fact arising herein;

## PRESERVATION OF ADDITIONAL CLAIMS

45. That, in response to Paragraph 45 of Plaintiffs' Complaint, Defendant reserves the right to amend its Answer herein and plead further pending the completion of discovery;

## PRAYER FOR RELIEF

46. That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 46 of Plaintiffs' Complaint;

47. That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 47 of Plaintiffs' Complaint;

48. That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 48 of Plaintiffs' Complaint;

49. That Defendant denies Plaintiffs are entitled to the damages sought in Paragraph 49 of Plaintiffs' Complaint;

50. That Defendant denies Plaintiffs are entitled to the damages set forth in the "WHEREFORE" clause of Plaintiffs' Complaint;

51. That Defendant denies all other allegations contained within Plaintiffs' Complaint not, specifically, admitted herein;

## AFFIRMATIVE DEFENSES

52. That, pleading affirmatively, Plaintiffs' Complaint should be dismissed pursuant to Ark. R. Civ. P. Rule 12(b)(6) for failure to state facts upon which relief can be granted;

53. That, pleading affirmatively, Plaintiffs' Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(1), (2), and (3) for lack of jurisdiction over the subject matter and person and improper venue;

54. That, pleading affirmatively, Defendant pleads any and all defenses which may be applicable pursuant to Ark. R. Civ. P. Rule 8(c), including, but not limited to, arbitration and award, estoppel, failure of consideration, laches, payment, release, set-off, statute of limitations, and waiver;

55. That, pleading affirmatively, Defendant states Plaintiffs are not entitled to an award of punitive damages and that such an award is in violation of the Due Process Clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Arkansas Constitution in that:

(a) said damages are intended to punish and deter defendants, and, thus, this proceeding is essentially criminal in nature;

(b) in assessing such penalty or exemplary award, plaintiffs need only prove the theory of gross negligence on a preponderance of the evidence standard and not a "beyond a reasonable doubt," as should be required in assessing a punishment award;

(c) such awards are unduly vague and do not meet the requirements of due process in that punitive and exemplary damages are not based on a clearly defined statutory enactment setting forth specific requirements; and

(d) defendants are subjected to all the hazards and risks of what amounts to a fine; and, in fact, such awards often exceed nominal criminal fines, but defendants receive none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

56.     That, pursuant to Ark. Code Ann. §16-55-211, and, in the event the fact finder first determines Plaintiffs are entitled to compensatory damages, Defendant requests a bifurcated proceeding so that the fact finder may then determine whether and in what amount punitive damages will be awarded;

WHEREFORE, Defendant, Allstate Property and Casualty Insurance Company, prays the Complaint of Plaintiffs, Lindsey Huff and Chris Huff, be dismissed; for a trial by jury on all issues of fact arising herein; for its attorneys' fees and costs expended herein; and for all other just and proper relief to which it may be entitled.

> Respectfully submitted,
>
> BARBER LAW FIRM PLLC
> 425 West Capitol Avenue, Suite 3400
> Little Rock, Arkansas 72201-3483
> 501-372-6175
> Email: ccunningham@barberlawfirm.com
>
> BY: _____
> J. Cotten Cunningham, AR BIN 97238

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using eFlex, the Arkansas Judiciary electronic filing system, with the Clerk of Court of Pulaski County Circuit Court, who shall send notification of such filing to the below counsel and, therefore, a true and correct copy of the foregoing has been served on this, the 7th day of May, 2019, upon Plaintiffs' counsel:

andy@taylorlawfirm.com
Andrew M. Taylor, Esq.
tasha@taylorlawfirm.com
Tasha C. Taylor, Esq.
12921 Cantrell Road, Suite 205
Little Rock, Arkansas 72223

_____
J. Cotten Cunningham